# Brooke *versus* The Commonwealth, *ex rel.* Jenkins.

86     163
137SC 2195

86   163
e225 2514

1. Art. 8, sect. 3, of the Constitution, requiring all elections for city, ward, borough and township officers for *regular terms* of service, to be held on the third Tuesday of February, does not alter the Act of April 27th 1864, which declares that in case of a vacancy occurring in either branch of councils, the qualified voters of the ward at the next general election shall elect a person for the *unexpired term.*

2. The Act of March 10th 1875 provides that all members of councils to be elected at the February election thereafter, whose term of office would, under existing laws, expire prior to the first Monday of April next, shall continue in office from the date at which such term would otherwise expire, until the first Monday of April next ensuing. D., a member of Select Council of the city of Philadelphia, elected in 1873 to serve until the first Monday of January 1877, resigned in July 1875, and B. was elected in February 1876, to fill the vacancy. *Held*, that the term of B. ended on the first Monday of January 1877, and it was regular to elect in February 1876 a member for the new term, commencing on the first Monday of January 1877, and the Act of 1875 extended the new term for three months and not the unexpired term.

January 23d 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of July Term 1877, No. 107.

Quo warranto by the Commonwealth, at the suggestion of Theodore F. Jenkins, against John G. Brooke, to show by what warrant he held the office of select councilman for the Fourteenth ward of the City of Philadelphia.

The suggestion averred in substance that on the 8th of July 1875, R. W. Downing, a member of Select Council from the Fourteenth ward of Philadelphia resigned said office, whereby there became a vacancy to be filled at the next municipal election ; that by the laws existing at the time of the election of said Downing his term of office would have expired on the first Monday of January 1877 ; that by the Act of March 10th 1875, "all members of councils * * * to be elected on third Tuesday of February next, or in any year thereafter, whose terms of office would, under existing laws, expire prior to the first Monday of April, shall continue in office from the date at which said term would otherwise expire, until the first Monday of April next ensuing thereto ; and the terms of their successors shall begin on the first Monday of April, and shall continue for the period now fixed for the duration thereof, by existing laws, in each particular case ; and hereafter all elections for offices which shall be vacant on the first Monday of

[Brooke *v.* Commonwealth.]

April shall be held on the third Tuesday of February next preceding thereto;" that on January 24th 1876, the sheriff of Philadelphia county issued a proclamation that on the third Tuesday of February 1876, an election would be held for a member of Select Council for the unexpired term of said Downing, resigned, and until the first Monday of April 1877, and that on said day Brooke, the respondent, was elected, and forthwith entered on the duties of his office ; that by virtue of said Act of 1875 the said unexpired term for which Brooke was elected was continued until the first Monday of April 1877, and the term of his successor would begin on the said first Monday of April 1877 ; that on the 22d of January 1877, the sheriff issued a proclamation that on the third Tuesday of February 1877, an election would be held for members of Select Council for said ward, to serve for three years from the first Monday of April 1877 ; that at said election the relator was elected ; that said Brooke has since the first Monday of April 1877 unlawfully held said office of select councilman from said ward ; that at the meeting of Select Council on April 5th 1877, the relator presented his certificate of election and requested to be sworn in as a member thereof, but was refused admission by reason of the usurpation of said Brooke, wherefore he prays the process of the law against him, &c.

The respondent answered : "That on the third Tuesday of February 1876 respondent was duly elected to fill the said office for the remainder of the term for which the said Downing was elected ; that it is not true, as in said suggestion alleged, that respondent was elected to serve until the first Monday of April 1877, but until the first Monday of January 1877, the date on which the said Downing's term expired ; that under the provisions and prohibition contained in section 13 of article 3 of the Constitution of the Commonwealth of Pennsylvania, wherein it is provided : 'No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment,' the term of the said Downing was not affected by the provisions of the Act of Assembly quoted and referred to in the said suggestion, and the said Brooke was elected to succeed the said Downing in the term for which he was elected, and to serve out the remainder thereof ; that the said term, ending as aforesaid, on the first Monday of January 1877, and there being no other municipal election than the one above named before that date, it became necessary to elect a person to serve as select councilman from the Fourteenth ward, for the new term commencing on the first Monday of January 1877, and continuing for three years and three months, in accordance with the provisions of the Act of 1875 above mentioned, which extended the term for three additional months ; that on the said third Tuesday of February 1876, said Brooke was duly and lawfully elected to serve as select councilman for the said new term, commencing

[Brooke *v.* Commonwealth.]

on the first Monday of January 1877 ; that a certificate of his election was duly made and issued to him, and that on the first Monday of January 1877, aforesaid, he was duly qualified, and took his seat as a member of Select Council from the Fourteenth ward aforesaid, and is now serving in said office ; that at the time the said relator pretends that he was elected there was no vacancy, and his election was irregular and unlawful."

The Commonwealth demurred to this answer, assigning as a reason therefor that the alleged election of John G. Brooke, the respondent, on the third Tuesday of February 1876, to serve as a select councilman for the Fourteenth ward, for three years and three months, from January 1st 1877, was contrary to the provisions of the Act of March 10th 1875, and was therefore illegal and void.

The court entered judgment for the Commonwealth on the demurrer. A re-argument was ordered and the same judgment was again entered, Briggs, J., dissenting at the entry of each judgment. The respondent took this writ, assigning this action of the court for error.

*George S. Graham* and *Charles H. T. Collis*, for plaintiff in error.—At the time of the passage of the Act of 1875, there were two statutes in existence regulating the manner of filling vacancies in councils ; that of April 27th 1864, Pamph. L. 639, as follows: "That in case of a vacancy occurring hereafter in either branch of the councils of Philadelphia, the qualified voters of the ward at the next election shall elect a person for the unexpired term ;" and that of the 20th of May of the same year, Pamph. L. 912, which makes a like provision.

When these acts were passed there were no spring elections. They were instituted by the new constitution, art. 8, sect. 3. "All elections for city, ward, borough and township officers, *for regular terms of service*, shall be held on the third Tuesday of February." There is nothing in this language which interferes with the established system of filling vacancies for *unexpired* terms at the first election succeeding the vacancy. On the contrary, the framers of the constitution purposely avoided interfering with it, by use of the words " for regular terms of service." The constitution having fixed when the election for regular terms should be held, it became necessary for the legislature to fix when the terms should *commence*, as under the existing state of things the man elected in February would not enter upon his office until the succeeding January. Therefore, the Act of March 10th 1875 was passed, providing that thereafter the terms should begin and end on the first Monday of April. What terms ? "Regular terms," not unexpired terms or fractional terms. Unexpired terms and

[Brooke *v.* Commonwealth.]

fractional terms being already much better provided for, to wit: to be filled at the *very next* election succeeding the vacancy.

There is nothing inconsistent in the Acts of 1864 and 1875. One applies to unexpired and the other to regular terms. The new term for which respondent was elected began on the first Monday of January 1877, for three years and three months, by the Act of 1875.

*Pierce Archer* and *E. R. Worrell,* for defendant in error.— *Term* is a generic word, and includes regular, irregular, full and unexpired terms. If unexpired terms are not to be included, the legislature would have so provided. And yet the court is told that the word term in the Act of 1875 *includes* the greater (a full term), and *excludes* the less (an unexpired term).

The touchstone of the case is, "did Brooke by the election of 1876 take the office for a term?" Taking the office for a term, which would have ended January 1st 1877, were it not for the Act of 1875, that act continuing the term until the first Monday of April 1877, he was not to be elected for the term for which Downing would have held, but for the *term fixed by law.* The fact that Downing had been any select councilman from the Fourteenth ward did not divest the legislative function. Downing's term was not extended, and Brooke had no term when the Act of 1875 first applied.

Mr. Justice MERCUR delivered the opinion of the court, May 6th 1878.

The contention in this case must be decided by the construction to be given to the Act of 10th March 1875.

A reference to some of the laws changed by this act will assist in giving a clearer understanding of its intent and purpose.

The Act of 21st March 1861, Pamph. L. 165, directed the election of members of councils, in the city of Philadelphia, to be held on the second Tuesday of October in each year. It declared that each ward should have one member of Select Council, who should serve for three years from the first Monday of January next succeeding their election, and that one-third of Select Council should be chosen each year.

Under this law, in October 1873, Downing was elected a member of Select Council, for the term of three years from the first Monday of January 1874. Hence, not only the term of Downing, but the term of all the class or third of which he was a member, would expire on the first Monday of January 1877.

While thus holding an office, the term of which was fixed by the Act of 1861, the constitution of 1874 went into effect. Article 8, section 3, required all elections for city, ward, borough and township officers, for regular terms of service, to be held on the

[Brooke *v.* Commonwealth.]

third Tuesday of February.    Article 3, section 13, declared that no law should extend the term of any public officer after his election or appointment.

Thus the constitution designated the only time at which a member of the councils could be elected for a "regular term," but imposed no restraint on legislative power prescribing the time when an election might be held to fill a vacancy for the unexpired term ; nor did it forbid the enactment of any law lengthening the term of such officers thereafter to be elected, provided it was done prior to their election ; and it left to legislative discretion to fix the time for them to enter on the duties of their office.

The Act of 1861 did not authorize the election of a member of councils to fill a vacancy, to be held at any other time than at the general election in October.

In case the vacancy occurred soon after the election, it would leave the office vacant for nearly a year.    To obviate this objection, the Act of 27th April 1874, Pamph. L. 638, was passed.    It declared, "in case of a vacancy occurring hereafter, in either branch of the councils of Philadelphia, the qualified voters of the ward, at the next election, shall elect a person for the unexpired term."

In July 1875, Downing resigned his office.    The vacancy thus created should have been filled by an election in October of the same year.    The fact that it was not filled until the election in February following, does not affect the question we are now considering.    The present purpose is not to decide when the official term of the person elected to fill the vacancy began, but when it ended.

It would seem the words of the Act of 1874 make this sufficiently clear by declaring the voters shall elect a person "for the unexpired term."    It certainly was not intended to give to the *locum tenens*, or substitute, an office to continue beyond the end of the term of the one whose place and unexpired term he was elected to fill.    The act did not contemplate any disarrangement of the three classes, nor of the time when the term of each should expire.

Under the law in force at his election, Downing's term expired in January 1877.    The constitution of 1874 forbade its extension by legislative enactment.    In the absence of language clearly indicating such an intent, we will not assume the legislature intended to extend the term of the person elected to fill the vacancy, beyond the time fixed by law for the expiration of Downing's term.    To extend it beyond would be more than to fill the vacancy which his resignation created.

This brings us to a consideration of the 1st section of the Act of 10th March 1875, Purd. Ann. Dig. 2047, pl. 53.    It declared, inter alia, "all members of councils to be elected on the third Tuesday of February next, or in any year thereafter, whose term of office would, under existing laws, expire prior to the first Mon-

day of April, shall continue in office from the date at which said term would otherwise expire, until the first Monday of April next ensuing thereto ; and the terms of their successors shall begin on the first Monday of April, and shall continue for the period now fixed for the duration thereof by existing laws, in each particular case.   And hereafter all elections for offices which will be vacant on the first Monday of April, shall be held on the third Tuesday of February next preceding thereto.''

Thus this act did not direct that the election for members of councils should be held on the third Tuesday of February ; but it recognised the fact that the constitution required them " to be elected" then for a regular term.   The legislature was aware that, under the laws then in force, the term of a member of councils began and ended on the first Monday of January, and therefore he could not enter on the duties of his office until more than ten months after his election.   The time of his election they could not change, but they could designate the time when he should assume his official duties.   To shorten the intervening time, to not permanently lengthen a regular term beyond three years, and at the same time not to disturb the existing division into three classes, the act provided : 1.  For a longer term for each member to be first elected at the expiration of each term, which, under existing laws, would expire in January.   The term of each to be so elected was to extend until the first Monday of April next following the January when the term would otherwise have expired.   As the term of all members of councils then in office expired in January, this act necessarily extended the term of all members to be elected at the expiration of those terms.   This, however, was limited to the first election in each case.   2.  As soon as the object of requiring the person elected to enter on the duties of his election within a few weeks after his election was accomplished, then the regular term was again to be three years only.   This was in entire harmony with the constitution of 1874.

It necessarily follows that, inasmuch as Downing's regular term would have expired on the first Monday of January 1877, the person elected to fill the vacancy caused by his resignation was elected " for the unexpired term" only.   The fact that the sheriff, in his proclamation giving notice of the election, declared that the person to be elected would serve until the first Monday of April 1877, could not change the statute nor extend the term.   The term for which Downing was elected, as well as the term of the person who filled out the unexpired portion of Downing's term, expired on the first Monday of January 1877.   Hence the third Tuesday in February 1876 was the proper time to elect a successor, to enter on his duties in January 1877.   The respondent, John G. Brooke, was, at said election in February 1876, duly and legally chosen a member of the Select Council from the Fourteenth ward

[Brooke *v.* Commonwealth.]

of the city of Philadelphia, for a regular term. The learned court erred in not entering judgment in his favor on the demurrer.

Judgment reversed, and judgment in favor of the plaintiff, John G. Brooke, on the demurrer, with costs.