## Employment of Legislators by Works Progress Administration

MARGIOTTI, Attorney General, May 25, 1937.—We have your request to be advised whether or not members of the House of Representatives who now hold supervisory positions with the Works Progress Administration, such as skilled foremen and labor foremen, may continue on the Works Progress Administration while serving in the General Assembly. You inform us that these members will have a leave of absence from the Works Progress Administration, and will resume their employment with that administration when the regular session of the legisla-

ture adjourns sine die. You desire to be informed specifically whether or not these positions are incompatible.

That part of the Constitution of Pennsylvania that is pertinent to your inquiry reads, in part, as follows:

"No Senator or Representative shall, during the time for which he shall have been elected, be appointed to any civil office under this Commonwealth, and no member of Congress *or other person holding any office* (except of attorney-at-law or in the militia) under the United States or this Commonwealth shall be a member of either House during his continuance in office": Article II, sec. 6. (Italics ours.)

Article XII, sec. 2, of the Constitution of Pennsylvania prohibits the holding of any office by a member of Congress or person holding a position of trust or profit under the United States.

The Act of May 15, 1874, P. L. 186, sec. 15, 65 PS §16, provides as follows:

"No senator or representative shall, during the time for which he shall have been elected, be appointed to any civil office under this commonwealth; and no member of congress or other person holding any office, except of attorney-at-law or in the militia under the United States or this commonwealth, shall be a member of either house during his continuance in office. They shall receive no other compensation, fees or perquisites of office for their services from any source, nor hold any other office of profit under the United States, this state or any other state."

Whether a member of the legislature may serve as a skilled foreman or a labor foreman on a leave of absence status while he is serving in the General Assembly depends entirely on the question whether his position as skilled foreman or labor foreman is an office. The word "office" connotes a function charged with some degree of executive responsibility involving the exercise of discretion in the performance of the holder's duties.

There is a well-recognized difference between an officer and a mere clerk or employe. Judge Henderson, speaking for the Superior Court in Richie v. Philadelphia, 37 Pa. Superior Ct. 190 (1908), said:

"It is no doubt true that there are many persons engaged in the public service in subordinate positions exercising functions of such an inferior character that they could not be properly considered public officers within the meaning of the constitution; this much is indicated in Com. v. Black, 201 Pa. 433, and Houseman v. Com., 100 Pa. 222, in the latter of which the court expressed the opinion that policemen, firemen, watchmen and superintendents of public property under the orders of the municipal department were subordinate ministerial agents or employees, at the most, petty officers not intended to be embraced in the constitutional provision, and therefore subject to appointment and removal according to legislative regulation. Where, however, the officer exercises important public duties and has delegated to him some of the functions of government and his office is for a fixed term and the powers, duties and emoluments become vested in a successor when the office becomes vacant such an official may properly be called a public officer. The powers and duties attached to the position manifest its character."

In the case under consideration, we have been informed by those in charge of the Works Progress Administration that foremen, including labor foremen and skilled foremen, are carried on the records as employes payable on a per diem basis, and not entitled to vacations. It is true that by virtue of their positions as foremen they have certain duties to perform, but in the performance of these duties they perform them in the capacity of employes only, inasmuch as they do not exercise a discretion in the performance of these duties. In these positions tenure is not defined, fixed, and certain, but instead it arises out of a mere contract of employment.

This subject matter has been discussed and defined in the following opinions of the Department of Justice: Public Officers, 12 Dist R. 587 (1903) ; Watershed Inspector, Opinions of Attorney General (1911-1912), page 195; Salaries of Workmen's Compensation Referees and Clerks, 20 Dauph. 160.

It is an established fact that members of the legislature are appointed to various positions which do not rise to the dignity of civil officers. This has been from time immemorial: See Commonwealth ex rel. v. Binns, 17 S. & R. 219.

Concurring ·in the views expressed in the opinions above quoted, we are of the opinion, therefore, and you are advised, that members of the House of Representatives who now hold supervisory positions with the Works Progress Administration, such as skilled foremen and labor foremen, may secure a leave of absence from the Works Progress Administration, and may resume their employment with the Works Progress Administration when the legislature is not in session, these positions not being incompatible.