## Conner v. Lawrence County et al.

*Alvah M. Shumaker*, for plaintiff.

*William McElwee, Jr.*, and *Ralph A. Cooper*, for defendants.

BRAHAM, J., December 13, 1937.—Plaintiff is a constable of the City of New Castle, duly elected in November, 1935. He served as constable in his ward at the primary election held September 17, 1937, and the general election held November 2, 1937, and now demands the compensation allowed him by the Act of July 20, 1917, P. L. 1158, sec. 1, as amended by the Act of May 23, 1919, P. L. 274, 13 PS §61.

The county commissioners and the county controller have refused to pay him this amount because of the provisions of section 1207 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, which provides that the con-

stable of each borough, township, or ward shall serve at all elections without compensation. To enforce payment plaintiff secured a writ of alternative mandamus. The returns filed by the commissioners and by the controller admit all the material facts except the performance of the services by plaintiff, as to which services he was put to his proof. The question for decision is, therefore, whether plaintiff as a matter of law, is entitled to recover this statutory compensation for his services at the primaries and the election. From the evidence which has been presented we make the following

*Findings of fact*

1. Frank C. Conner, plaintiff, was, at a general election held in November 1935, duly elected constable of the second ward of the City of New Castle, Lawrence County, Pennsylvania. His term began the first Monday of January 1936. He accepted the said office, duly qualified, and has continued to act as the constable of the second ward of the City of New Castle, Lawrence County, Pennsylvania, until the present time.

2. George H. Bolinger, Floyd Cotton, and Joseph Hannon are the County Commissioners of the County of Lawrence, and Frank W. Hill is the County Controller of said county.

3. On Tuesday, September 14, 1937, a primary election was held throughout the Commonwealth of Pennsylvania, including the second ward of the City of New Castle, Lawrence County, Pennsylvania.

4. On Tuesday, November 2, 1937, a municipal election was held throughout the Commonwealth of Pennsylvania, including the second ward of the City of New Castle, Lawrence County, Pennsylvania.

5. Frank C. Conner in his official capacity as constable attended the primary election held on September 14, 1937, and fully performed the duties incumbent upon him as constable.

6. Frank C. Conner in his official capacity as constable attended the municipal election held November 2, 1937, and fully performed the duties incumbent upon him as constable.

7. On November 17, 1937, Frank C. Conner, plaintiff, made demand upon the County Commissioners of Lawrence County and upon the County Controller of Lawrence County for payment to him of the sum of $5 for his services as constable at the said primary election and for the further sum of $5 for his services as constable at the said general election.

8. On November 17, 1937, the County Commissioners of Lawrence County and the County Controller of Lawrence County, upon demand so made for the payment of the said sums, refused payment of either sum.

*Discussion*

Article III, sec. 13, of the Constitution of 1874, PS Title Constitution, p. 270, provides:

"No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment."

The Act of 1917, supra, sec. 1, provides:

". . . from and after the passage of this act, the fees to be charged and received by constables in this Commonwealth shall be as follows . . ."

The Act of 1919, supra, amending the Act of 1917, supra, provides:

"For attending general, special, township, ward, or borough election, five dollars, which sum shall include pay for serving notices in writing to the persons elected at such special, township, ward, or borough elections: Provided, That where any such election be held in any township, ward, or borough in which there are more than one election districts or precincts, and a deputy constable is appointed to attend an election held at each of such districts or precincts, said deputy constable shall receive the sum of five dollars."

The Pennsylvania Election Code of 1937, supra, provides in section 1207 thereof as follows:

"The constable of each borough, township or ward, or his deputy, shall be present at the polling place in each election district of such borough, township or ward at each primary and election during the continuance thereof, and while the votes are being counted, for the purpose of preserving the peace, and shall serve at all elections without compensation."

All of the facts material to a decision of this case were agreed upon between the parties, save only the question whether plaintiff had actually served as constable at the primary and the municipal election. By our finding that plaintiff did perform his full duties as constable at both the primary and the municipal election, the case is resolved into a decision of a question of law under the statutes above quoted.

The principal question of law is whether the legislature, by requiring in the Election Code of 1937 that a constable, duly elected and qualified before the passage of that act, should serve at primaries and elections without compensation, was attempting to diminish the salary or emoluments of the constable after his election. Our first inquiry might well be, whether a constable is a public officer within the meaning of the constitutional provision above quoted. On this point it is well to keep in mind the definition of a public officer as stated by our Supreme Court in Commonwealth ex rel. v. Moffitt, 238 Pa. 255, and affirmed in Tucker's Appeal, 271 Pa. 462, in these words:

"Whether an officer is a 'public officer' within the intendment of the constitutional prohibition depends upon the manner of his selection, the duties imposed and the powers conferred upon him. If he is chosen by the electorate for a definite and certain tenure in the manner provided by law to an office whose duties affect and are to be exercised for the benefit of the public for a stipulated compensation paid out of the public treasury, it is

quite safe to say that the incumbent is a public officer within the meaning of the constitutional provision."

In the Moffitt case the relator, a poor director in Washington County, was held to be a public officer. In Tucker's Appeal, supra, it was held that county commissioners, who were also directors of the poor, and county auditors were constitutional officers within the meaning of the Constitution. In Richie v. Philadelphia, 225 Pa. 511, 515, in which a real estate assessor of the County of Philadelphia was held to be a public officer, the Supreme Court, by Mr. Justice Brown, discussed the distinguishing characteristics of a public officer as follows:

"In every case in which the question arises whether the holder of an office is to be regarded as a public officer within the meaning of the constitution, that question must be determined by a consideration of the nature of the service to be performed by the incumbent and of the duties imposed upon him, and whenever it appears that those duties are of a grave and important character, involving in the proper performance of them some of the functions of government, the officer charged with them is clearly to be regarded as a public one."

Many other cases illuminative of this point might be cited. In Commonwealth ex rel. v. Moore, 266 Pa. 100, it was held that registration commissioners of the City of Pittsburgh were public officers. In Evans v. Luzerne County, 54 Pa. Superior Ct. 44, it was held that an assistant clerk of a separate orphans' court, although appointed for no fixed term, was a public officer. In Brooke v. Commonwealth ex rel., 86 Pa. 163, a member of select council from one of the wards for Philadelphia was held to be a public officer.

It seems clear to us that the office of constable is a public office within the meaning of the Constitution. The constable is ". . . chosen by the electorate for a definite and certain tenure in the manner provided by law to an office whose duties affect and are to be exercised for the benefit of the public." Constables' fee bills fix for

him a ". . . stipulated compensation paid out of the public treasury": Commonwealth ex rel. v. Moffitt, supra. His duties are of a ". . . grave and important character, involving in the proper performance of them some of the functions of government" (Richie v. Philadelphia, supra), in that he is charged with the duty of putting down breaches of the peace, due execution of legal process of the Commonwealth and assistance at the conduct of elections.

Our opinion that a constable is a public officer, under the protection of the constitutional provision, is supported by the great weight of authority among the common pleas judges of this Commonwealth. On this point see Gessner v. County, 6 Leh. L. J. 129; Hoffman v. County of Lehigh, 6 Leh. L. J. 134; Thompson v. Clarion County, 23 Dist. R. 957; Commonwealth v. Kromer, 4 Pa. C. C. 241; Cornell v. Beaver County, 3 Dist. R. 783; Hulsizer v. County of Northampton, 6 Northamp. 133, 19 Pa. C. C. 385; Hancox v. Venango County, 20 Pa. C. C. 508, and Evans v. Lloyd, Controller, 12 Dist. R. 380.

The question might be raised whether the fee allowed a constable by the Act of 1919 for his services at an election is "salary" or an "emolument". It is clearly not salary and, in our opinion, just as clearly is an emolument. It does not depend upon the whim of any person; it depends only upon the will of the legislature as expressed in the statute, and the act of the constable in performing the services: Rupert et al. v. Chester County, 2 Dist. R. 688. By attempting in 1937 to decrease the emoluments of constables then in office for attending upon elections, the legislature violated the letter and spirit of the constitutional provision.

One further matter merits consideration. The Act of 1917 and the amendment of 1919, which allow compensation to the constables, allow compensation "for attending general, special, township, ward or borough elections". Was the primary held September 14, 1937, an

election within the meaning of this act? The Pennsylvania Election Code of 1937, supra, is explicit on this point because section 102(f) provides that:

"The word 'election' shall mean any general, municipal, special or primary election, unless otherwise specified."

Section 1207 of the same act provides in part as follows:

"The constable of each borough, township or ward, or his deputy, shall be present at the polling place in each election district of such borough, township or ward at each primary and election during the continuance thereof, and while the votes are being counted, for the purpose of preserving the peace, and shall serve at all elections without compensation."

So far as the Act of 1937 is concerned, the primary is an election and the constable is required to be there. To be sure the legislature added that the constable should not be paid; but, if this provision is in conflict with the fundamental law, it is of course nugatory and the remainder of the statute may be given effect, although the offending provision is stricken down. Section 103 of the act declares that the provisions of the act are severable; unconstitutionality of one portion does not affect the remainder.

Even prior to the Act of 1937 it was the duty of constables to attend elections: Act of July 2, 1839, P. L. 519, secs. 111-113, 25 PS §§1922-1924; Eighth Ward Election-Easton, 18 Pa. C. C. 518; Leitzel v. Centre County, 6 Dist. R. 208. And that the constable was also required to be present at the primary election follows from the provisions of the Act of July 12, 1913, P. L. 719, sec. 11, 25 PS §1182.

The word election is sometimes used to include the word primary:

" 'An election is the embodiment of the popular will, the expression of the sovereign power of the people. In common parlance, an election is the act of casting and

receiving the ballots, counting them and making the return'. . . . The term carries with it the idea of a choice by the body of voters in a municipality, or an expression of the popular will expressed at the polls": Commonwealth ex rel. v. Likeley, 267 Pa. 310, 313.

In Leonard v. The Commonwealth, ex rel., 112 Pa. 607, it was held that the Act of June 8, 1881, P. L. 70, prohibiting bribery and fraud at nominating elections, was a lawful exercise of legislative power, and that it was an election law within the meaning of article VIII, sec. 9, of the Constitution. In the case of In re Moskowitz, 26 D. & C. 567, Common Pleas No. 2 of Philadelphia County held that The Personal Registration Act of July 10, 1919, P. L. 857, is an election law within the meaning of article VIII, sec. 9 of the Constitution.

In 1917, when the legislature passed the act allowing the constables $3 per day for attending upon elections, and in 1919 when this compensation was increased to $5, primaries were conducted under the Direct Primary Act of 1913, supra. The constables, as we have pointed out, were required to attend upon elections, and paragraph 11 of the primary act provided that primaries should be conducted in conformity with the laws governing the conduct of general elections. We conclude therefore, that the intent of the legislature in passing the Acts of 1917 and 1919 was to authorize compensation to the constables for attending upon primaries as well as elections. Our views on the law of this case are summarized in the following

### Conclusions of law

1. An elected constable is a public officer within the meaning of article III, sec. 13, of the Constitution of 1874.

2. The fee for attending an election allowed a constable by the Act of May 23, 1919, P. L. 274, amending the Act of July 20, 1917, P. L. 1158, is an emolument within the meaning of article III, sec. 13, of the Constitution of 1874.

3. A constable duly elected and in office on September 14, 1937, was required by law to attend and serve at a primary election duly held on that date.

4. A constable duly elected and in office on November 2, 1937, was required by law to attend and serve at a municipal election held on that date.

5. The provisions of the Act of May 23, 1919, supra, amending the Act of 1917, supra, allowed compensation to a constable for attending a primary as well as for attending an election.

6. Plaintiff, Frank C. Conner, was entitled to receive for his services at the primary election held September 14, 1937, the sum of $5, and for his services in attending the municipal election held November 2, 1937, a like sum of $5. After he had performed the services, upon demand by him, the county commissioners should have issued him a warrant for said services and the county controller should have approved it.

From the facts as we have found them in this case and our conclusions of law, we make the following

## Decree

Now, December 13, 1937, judgment in this case is given for plaintiff and the court hereby orders and awards that a decree of peremptory mandamus issue in behalf of plaintiff, directing George H. Bolinger, Floyd Cotton and Joseph Hannon, Commissioners of Lawrence County, forthwith to issue and deliver to plaintiff a warrant on the Treasurer of Lawrence County for the payment of the sum of $10 to Frank C. Conner, constable, for the statutory compensation due him as constable for actually attending the primary election held September 14, 1937, and the municipal election held November 2, 1937, and for actually performing the services required by law, and further directing Frank W. Hill, county controller, to approve and countersign said warrant for payment, which acts so directed to be done by them, defendants

have heretofore failed and refused upon demand to perform.

Such peremptory writ may not be issued until after 20 days from the date of this decree and may issue at any time thereafter upon motion of plaintiff.

Plaintiff is further awarded his costs and judgment is entered therefor.