## Fedorowicz v. Brobst, Appellant.

*Constitutional law—Title of statute—Nonsupport of wives—Increased burden on counties—Poor law—Act of June 12, 1913, P. L. 502.*

The second section of the Act of June 12, 1913, P. L. 502, entitled "An act to increase the powers of courts in summary proceeding for the desertion or nonsupport of wives, children or aged parents," etc., is unconstitutional inasmuch as the title fails to show that the wages to be paid to delinquents who desert their

families are arbitrarily fixed by the act and that the county is ultimately liable to pay them to wives, children or aged parents of the delinquents if the penal institutions or reformatories are not self-sustaining.

Argued Dec. 7, 1915.   Appeal, No. 6, Oct. T., 1915, by defendants, from order of C. P. Schuylkill Co., Jan. T., 1915, No. 40, for writ of mandamus in case of Beny Fedorowicz for himself and Franciska Fedorowicz, his wife, v. E. C. Brobst, B. J. Smith and P. J. Boyle, Commissioners for the County of Schuylkill.   Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Petition for mandamus.

From the record it appeared that the case came before the court on petition for writ of alternative mandamus directed to the county commissioners, requiring them to pay the sum of $42.90, being sixty-five cents per day for every day, holidays and Sundays excepted, during which Beny Fedorowicz was imprisoned in the Schuylkill County prison, charged with neglecting to support his wife and his minor children, in accordance with the provisions of the Act of June 12, 1913, P. L. 502.   The defendants demurred to the petition, alleging the unconstitutionality of the act, in that it imposes a new obligation upon the County of Schuylkill without sufficient reference thereto in the title of the act, claiming that said act thereby violates Article III, Section 3, of the Constitution.

The court awarded writ of mandamus.

*Error assigned* was the order of the court.

*Edmund D. Smith,* with him *C. A. Snyder,* County Solicitor, for appellants.—The act is unconstitutional: Com. v. Thomas, 248 Pa. 256; Dailey v. Potter County, 203 Pa. 593; Wolf's Case, 58 Pa. Superior Ct. 260; Com. v. Young, 248 Pa. 458.

*E. J. Maginnis,* Deputy District Attorney, with him *C. A. Whitehouse,* District Attorney, for appellee.

OPINION BY TREXLER, J., March 16, 1916:

The only question is whether the title to the Act of June 12, 1913, P. L. 502, violates Sec. 3, Article III, of the Constitution which provides that "no bill except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title. The title to the act reads as follows: "To increase the powers of courts in summary proceedings for desertion or nonsupport of wives, children or aged parents, by directing that imprisonment in such cases be at hard labor in such institution as the court shall name, with the wages payable to the wives, children or parents; providing for the disbursement of moneys collected on forfeitures of bonds, bail-bonds, or recognizances; and by empowering such courts to appoint desertion probation officers for the performance of such duties as the court shall direct; and providing for the payment of the expenses incident to the carrying out of this act." The second section which it is claimed does not fairly fall within the subject expressed in the title, reads as follows: "Whenever any defendant shall be ordered to be imprisoned at hard labor, under the provisions of this act, there shall be paid, by the official in charge of the penal or reformatory institution in which such defendant is imprisoned, to the person designated in the order of court as the proper recipient of such money, to be disbursed by said recipient as the order of court may direct, the sum of sixty-five cents for each day, Sundays and legal holidays only excepted, during which he remains imprisoned. Such sum shall be paid as one of the general running expenses of such institution, and if the labor done in such institution is not sufficient to pay the general running expenses of the institution, such sum shall be charged to and paid by the county from which such defendant was committed."

It will not be necessary to review at any length the decisions in regard to this section of the Constitution. The title need not embody all the distinct provisions of the bill nor serve as an index or digest of its contents, but it is sufficient if the title fairly gives notice of the real subject to the bill so as to reasonably lead to an inquiry into what is contained in the body of the bill: Buffalo B. M. F. C. v. Breitinger, 250 Pa. 225 (245). The object of the constitutional prohibition is to give notice to legislators and others interested of the contents of the act by its title. Any detail that fairly falls within the subject matter of the title may be embraced in the act but where there is nothing in the title to put one who may be interested in any particular phase of legislation upon inquiry by reason of the fact that the title does not give any cause for such inquiry, then the subject is not clearly expressed.

There is nothing in the above title that gives any intimation that the wages to be paid to delinquents who desert their families are arbitrarily fixed by the act and that the county is ultimately liable to pay them if the penal institutions or reformatories are not self-sustaining. No one reading the act would be put upon inquiry as to this phase of the subject. All that the title states is that powers of the courts in desertion or nonsupport cases are increased so that they may direct the defendant to be imprisoned in some institution with the wages payable to the wife, children or parents of the defendant. All the court may do is to direct to whom the wages are to be paid. We do not think that any one interested in the affairs of counties or desirous of keeping in touch with proposed legislation designed to impose additional burden upon them could reasonably be charged with the duty of apprehending after a perusal of the title above set forth that there was legislation pending affecting counties. The act shifts upon the county a part at least of the support of indigent persons which in some localities falls upon the poor districts. The words,

"with the wages payable to the wives, children and parents" instead of clearing up matters, obscures them. They indicate that the wages of the delinquent shall go to those dependent upon them and impliedly negatives the idea that upon certain contingencies arising these "wages" are to be supplied by contribution from county funds. In this respect the language is lax and misleading: Com. v. Thomas, 248 Pa. 256. In Dailey v. Potter Co., 203 Pa. 593, a case very much resembling the one we are considering, it was held that the Act of June 6, 1893, P. L. 328, providing for the relief, etc., of indigent persons whose local settlement was unknown, was unconstitutional because the title gave no notice to counties affected thereby of the burdens imposed upon them by the act. The case of House of Refuge v. Luzerne Co., 215 Pa. 429, relied upon by the appellee presents a different situation. There the liability of the county was not changed by the act, but remained as theretofore. Where prior legislation imposes upon counties a duty or burden, a subsequent act upon such subject need not expressly state in its title that the burden of paying for the same is to be borne by the county, (Com. v. Light, 35 Pa. Superior Ct. 366), but as stated before the care of indigent people in counties having poor districts falls upon such districts and the liability imposed by the act is a new burden placed upon counties. In this respect we think the purpose of the act is not clearly expressed in its title and that the county is not liable.

The judgment is reversed and is now entered for the defendant.