# Fedorowicz, Appellant, *v.* Brobst.

*Constitutional law—Statutes—Insufficient title—Constitution of Pennsylvania, Article III, Section 3—Imprisonment at hard labor —Support of prisoner's dependents—Liability of county—Act of June 12, 1913, P. L. 502, Sec. 2.*

1. The title to an act of assembly need not be a complete index to its contents, embodying all the distinct provisions of the bill, but if it does not fairly give notice of the contemplated legislation, so as reasonably to lead to inquiry as to what is contained in the body of the bill, Section 3, of Article III, of the Constitution is violated and the legislation in disregard of it must fall.

2. The title to the Act of June 12, 1913, P. L. 502, relating to the payment of certain sums to the families of persons imprisoned at hard labor does not disclose the legislative purpose to impose upon counties liability for payment to the families of such persons. So much of the act as provides that where the funds of the institution where such prisoners are confined are insufficient for such payments, they shall be charged to and paid by the county from which the defendant was committed, violates Article III, Section 3, of the Constitution of Pennsylvania and is void.

Argued May 8, 1916. Appeal, No. 171, June T., 1916, by plaintiffs, from judgment of Superior Court, Oct. T., 1915, No. 6, reversing judgment of Court of Common Pleas of Schuylkill Co., June Term, 1915, No. 40, in case of Beny Fedorowicz, for himself, and Franciska Fedorowicz, his wife, v. E. C. Brobst, B. J. Smith and P. J. Boyle, Commissioners for the County of Schuylkill. Before Brown, C. J., Potter, Moschzisker, Frazer and Walling, JJ. Affirmed.

1916.]     Assignment of Error—Opinion of the Court.

Appeal from Superior Court.

The facts appear by the opinion of the Supreme Court and in Fedorowicz v. Brobst, 62 Pa. Superior Ct. 458.

The Superior Court reversed the judgment of the lower court.  Plaintiffs appealed.

*Error assigned* was the judgment of the Superior Court.

*George Quintard Horwitz*, with him *C. A. Whitehouse*, District Attorney, and *E. J. Maginnis*, Deputy District Attorney, for appellants.—Where prior legislation imposes upon counties a duty or a burden, a subsequent act upon such subject need not expressly state in the title that the burden is to be borne by the county: Hays v. Cumberland County, 186 Pa. 109; Commonwealth v. Light, 35 Pa. Superior Ct. 366; Commonwealth v. Darmska, 35 Pa. Superior Ct. 580; Weiss v. Swift & Co., 36 Pa. Superior Ct. 376.

The failure of the title to indicate who is to bear the expense does not render the title insufficient: Reed v. Clearfield County, 12 Pa. Superior Ct. 419.

*Edmund D. Smith*, with him *C. A. Snyder*, County Solicitor, for appellees.

Opinion by Mr. Chief Justice Brown, July 1, 1916:

On September 8, 1914, Beny Fedorowicz was sentenced by the Court of Quarter Sessions of Schuylkill County to undergo imprisonment in the county jail, at hard labor, for his neglect to maintain his wife and six minor children.  This sentence was imposed under the provisions of the Act of June 12, 1913, P. L. 502.  After he had been imprisoned for sixty-six days he presented a petition to the Court of Common Pleas of the county, asking for a mandamus, directed to the county commissioners, to compel them to pay to his wife, out of the funds of the county, the sum of $42.90, or sixty-five cents a day for each day

he had been imprisoned, exclusive of Sundays and legal holidays. The petition for the writ was based on the second section of the Act of 1913. It is as follows: "Whenever any defendant shall be ordered to be imprisoned at hard labor, under the provisions of this act, there shall be paid, by the official in charge of the penal or reformatory institution in which such defendant is imprisoned, to the person designated in the order of court as the proper recipient of such money, to be disbursed by said recipient as the order of court may direct, the sum of sixty-five cents for each day, Sundays and legal holidays only excepted, during which he remains imprisoned. Such sum shall be paid as one of the general running expenses of such institution; and, if the labor done in such institution is not sufficient to pay the general running expenses of such institution, such sum shall be charged to and paid by the county from which such defendant was committed." The commissioners of the county demurred to the petition for the writ against them, on the ground that the provision in the foregoing section of the Act of 1913, which makes a county liable to pay, to a recipient designated by the court, sixty-five cents for each day of a delinquent husband's imprisonment for neglect to support his family, is unconstitutional, as there is nothing in the title to the act which indicated to the counties of the Commonwealth that the burden of supporting the families of imprisoned husbands was to be imposed upon them. The court overruled the demurrer and directed the writ of mandamus to issue. On appeal to the Superior Court the demurrer of the county commissioners was sustained and the action of the court below reversed: Fedorowicz v. Brobst, 62 Pa. Superior Ct. 458. The sole question before each of those courts, and now before us, is the constitutionality of the provision in the second section of the Act of 1913, under which Fedorowicz and his wife are attempting to compel the County of Schuylkill to pay her the sum fixed by the act of assembly for each day of his imprisonment.

While we have repeatedly said that the title to an act of assembly need not be a complete index to its contents, embodying all of the distinct provisions of the bill, we have as often declared that if it does not fairly give notice of the contemplated legislation, so as reasonably to lead to inquiry as to what is contained in the body of the bill, the third section of the third article of the Constitution is violated, and legislation in disregard of it must fall. The purpose of this constitutional provision is to give information to the members of the legislature, or others interested, by the title of the bill, of the contemplated legislation, and thereby to prevent the passage of unknown and alien subjects which may be coiled up in the folds of the bill: Dorsey's App., 72 Pa. 192; Dailey v. Potter County, 203 Pa. 593.

The Act of June 12, 1913, is entitled, "An act to increase the powers of courts in summary proceedings for desertion or nonsupport of wives, children, or aged parents, by directing that imprisonment in such cases be at hard labor in such institution as the court shall name, with the wages payable to the wives, children, or parents; providing for the disbursement of moneys collected on forfeitures of bonds, bailbonds, or recognizances; and by empowering such courts to appoint desertion probation officers for the performance of such duties as the court shall direct; and providing for the payment of the expenses incident to the carrying out of this act." There is not to be found in this title even a hint that a burden heretofore not borne by counties is to be imposed upon them. A fair inference to be drawn from it is that husbands, imprisoned for failure to support their wives and children, must perform hard labor during their imprisonment, for which wages are to be paid to the dependent families; but in no one of the five sections of the body of the act does the word "wages" appear. The second section merely provides that, whenever any defendant shall be ordered to be imprisoned at hard labor under the provisions of the act, there shall be paid by the officer

in charge of the penal or reformatory institution in which he is imprisoned, to the person designated in the order of court as the proper recipient of such money, the sum of sixty-five cents for each day, Sundays and legal holidays only excepted, during which he remains in prison, and, if such sum shall not be paid by the penal institution, then it is to be charged to and paid by the county from which the defendant was committed. No one who read the title to this act would have conjectured that it contained a provision requiring a county to pay a stipulated sum for the support of the family of a delinquent husband for each day of his imprisonment. His sentence to imprisonment at hard labor ipso facto makes the county liable to pay this sum, if the penal institution to which he is committed fails to pay it. This is a new and radical departure from all previous legislation relating to prosecutions for nonsupport of wives or children or parents, and of it the most cautious man will find no notice in the title to the act. Further discussion could not make plainer the disregard of the third section of the third article of the Constitution in the passage of this legislation, and the order or judgment of the Superior Court is accordingly affirmed.