# In re: Petition of E. J. Riffle for Refund of License Fee.

*Constitutional law—Title of Act of May 8, 1919, P. L. 167—Refunding money received for liquor license.*

The Act of May 9, 1919, P. L. 167, entitled "An act providing for the refunding of liquor license fees and additional taxes to wholesale and retail dealers, brewers, distillers, rectifiers, compounders, bottlers, agents, and other persons, prevented from engaging in business by order or regulation of the president or secretary of war; providing for the return of the proportions thereof paid to municipalities and the Commonwealth; and making an appropri-

ation," does not give sufficient notice, to county officials or others interested, that the counties of the Commonwealth were to be charged with the responsibility of refunding money, received on account of payment for liquor licenses. In so far as it is attempted to charge the county with the burden of refunding such license fees, the act disregards the provisions of section 3, of article III, of the Constitution of Pennsylvania and is of no effect.

*Liquor licenses—Alcoholic drinks—Amount of alcohol in bev-erages—Act of Congress of November 21, 1918—War Time Prohibition Act.*

The amount of alcohol in the beverages sold under authority of a retail liquor license is not the test in Pennsylvania. If a licensee continued to sell liquors containing less than one-half of one per cent of alcohol, he was not prohibited by the order or regulation of the federal authorities from engaging in business and was, therefore, not entitled to the return of installments paid on account of license fees.

Argued May 5, 1920.   Appeal, No. 130, April T., 1920, by E. J. Riffle, from judgment of Q. S. Allegheny County, Jan. T., 1920, No. 16, In re Petition of E. J. Riffle for refund of license fee.   Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Petition for refund of fee paid for liquor license under provision of Act of May 8, 1919, P. L. 167.   Before SWEARINGEN, J.

The opinion of the Superior Court states the case.

The court dismissed the petition.

*Error assigned* was the order of the court dismissing the petition.

*W. D. N. Rogers,* and *Richardson & Rogers,* for appellant.—The petitioner was prevented from engaging in the liquor business: Winter's Petition, 68 P. L. J. 209; Com. v. Spence, 230 Pa. 571; United States v. Standard Brewery Co., Inc., 251 U. S. 210.

*Lee C. Beatty,* County Solicitor, and with him *Beatty, Magee & Martin,* for appellee.—The limitation of the amount of alcohol, as required by the War Time Prohibition Act, did not prevent petitioner from engaging in business under the Pennsylvania statutes: Com. v. Reyburg, 122 Pa. 299; Com. v. Wenzel, 24 Pa. Superior Ct. 467; Hatfield v. Com., 120 Pa. 395; Com. v. Burns, 38 Pa. Superior Ct. 514; Opinion of Attorney General "In re Beverages," 69 Pittsburgh Legal Journal 56.

The Act of May 8, 1919, P. L. 167, is unconstitutional in so far as it endeavored to impose the burden on the county of the reimbursement of fees paid to the county treasurer: County Commissioners' Petition, 255 Pa. 88; Fedorowicz v. Brobst, 254 Pa. 338; Alms v. Indiana County, 45 Pa. Superior Ct. 137; Bennett v. Sullivan County, 29 Pa. Superior Ct. 120.

OPINION BY HENDERSON, J., July 14, 1920:

This case arises under the Act of May 8, 1919, entitled: "An act providing for the refunding of liquor license fees and additional taxes to wholesale and retail dealers, brewers, distillers, rectifiers, compounders, bottlers, agents, and other persons, prevented from engaging in business by order or regulation of the president or secretary of war; providing for the return of the proportions thereof paid to municipalities and the Commonwealth; and making an appropriation." The first section provides that whenever any wholesale or retail dealer, brewer, distiller, rectifier, compounder, bottler, agent, or other person, licensed under the laws of this Commonwealth to manufacture or deal in or sell at wholesale or retail any vinous, spirituous, malt or brewed liquors, or any admixture thereof, has been heretofore or shall hereafter be prevented from engaging in such business by order or regulation of the President of the United States, issued under authority of an act of Congress, such wholesale or retail dealer, etc., shall be reimbursed for a proportionate amount of

the license fee and additional tax paid for the privilege
of engaging in such business during the time when such
order or regulation shall have been enforced.

The second section provides the procedure for obtain-
ing advantage of the act and gives jurisdiction to the
court of quarter sessions of the proper county to hear
petitions of such dealers for the refunding of the license
fees so paid or a proportionate part thereof when pre-
vented from engaging in the business for which they
were licensed. The court is required to make a full in-
vestigation of the subject and if the finding shall be that
such person, copartnership, association, or corporation
was prevented from engaging in such business, it shall
make an order on the county treasurer, directing him
to pay from the county treasury, as a refund of the
license fee and additional tax theretofore paid, an
amount sufficient to reimburse such person, etc., for the
period during which he was prevented from engaging in
business under such license. The court is further di-
rected to determine the proportion of such refund which
has been paid into the treasuries of the several munici-
palities and the portion of such amount which has been
paid into the treasury of the Commonwealth, and shall
make an order upon the respective municipality and
upon the State treasurer to return to the county treas-
ury such amount.

The appellant was licensed to sell at wholesale and
was required, under the Act of July 30, 1897, P. L. 464,
to pay a license fee of $1,000. An amendment to that
act, 1919 P. L. 9, requires that all the license fees shall
be collected by the treasurer of the proper county for the
use of the Commonwealth, except as therein provided
and shall be paid by the county treasurer for said use
within ninety days from the date of the receipt thereof.
Permission is also given to wholesale dealers, brewers,
etc., licensed under the laws of the Commonwealth to
pay the license fees in twelve monthly installments.
Pursuant to the statute, the appellant paid license fees

from July to December, 1919, inclusive, amounting to $499.98. He sets forth in his petition that he was wholly prevented from engaging in his business as a wholesale dealer in liquors during the months stated, by reason of the act of Congress, approved the twenty-first day of November, 1918, known as the War Time Prohibition Law, by reason whereof he is entitled to have refunded to him the license fees so paid. The case presents two questions, the answers to which are adverse to the appellant's claim: (1) It is not made to appear that the Act of Congress of November 21, 1918, or the ruling of the Commissioner of Internal Revenue, February 6, 1919, with reference to the percentage of alcohol necessary to constitute an intoxicating beverage wholly prevented the appellant from exercising the privileges granted by his license. Under it he could vend spirituous, malt and brewed liquors and admixtures thereof. No other authority was granted him. The act of Congress and the regulation of the treasury department had reference to "intoxicating" liquors as determined by the federal authorities; but in Pennsylvania the right to sell does not depend on the proportion of alcohol in the liquor. With respect to that subject the court said in Commonwealth v. Reyburg, 122 Pa. 299, "Without stopping to refine upon the meaning of 'intoxicating' or the degree of alcoholic mixture which is necessary to render any liquid intoxicating, it is only necessary to say that the intoxicating quality is not the one which is prohibited by the act, and hence an issue upon that question does not arise under the indictment." In Hatfield v. Commonwealth, 120 Pa. 395, the court was requested to instruct the jury that there was no evidence that the wine sold by the defendant was intoxicating and the verdict of the jury should be not guilty. The court refused this instruction which was said by Justice PAXSON to have been properly done for the reason that "just how much alcohol there might be in wine was foreign to the issue." The case was disposed of on other grounds, but

there was a clear declaration that the amount of the alcoholic content of the liquors was not involved. A like conclusion was reached in Commonwealth v. Wenzel, 24 Pa. Superior Ct. 467. The appellant was not prevented from selling liquors containing less than one-half of one per cent of alcohol, and presumably exercised his right with respect thereto in view of the fact that he continued to pay his license fee long after the act of Congress took effect.

The second objection involves the constitutionality of the act under which the proceeding is instituted. The license fees paid by the appellant were received by the county treasurer for the use of the Commonwealth and were presumably paid to the state treasurer within ninety days from the receipt thereof as required by the statute. The county treasurer in so receiving them acted as the agent of the State. The charge imposed on the county by the Act of May 8, 1919, was a burden not theretofore borne by the county nor did it relate to any business arising in the administration of county affairs. The title to the act is wholly silent as to any intimation or suggestion that such an obligation was to be created or that any responsibility of the county was involved in the plan for the return of the license fees. The only notice which this title gives is that liquor license fees and additional tax were to be returned to persons by whom they had been paid where the licensees were prevented from engaging in business because of orders or regulations of the president or secretary of war. A highly important part of the legislation is the direction as to the means by which the reimbursement shall be made. It was important to the county that it be informed its treasury was to be called on to make good to the holders of liquor licenses payments which they had made to the State and that it was to become the fiscal agent of the Commonwealth in distributing such license fees to those entitled thereto. The purpose of the constitutional provision is to give information to the mem-

bers of the legislature or others interested by the title of the bill of the contemplated legislation and thereby to prevent the passage of unknown and alien subjects: Dailey v. Potter County, 203 Pa. 593; Fedorowicz v. Brobst, 254 Pa. 338; Bennett v. Sullivan County, 29 Pa. Superior Ct. 120; Fedorowicz v. Brobst, 62 Pa. Superior Ct. 458.

We think it cannot be successfully contended that this title or the subject to which the statute relates would give a hint to county officials or others interested that the counties of the Commonwealth were to be charged with this new responsibility on a subject in no way related to the administration of county affairs. We are required to hold therefore that section 3 of article III, of the Constitution was disregarded in the preparation of the enactment, and so far as it is attempted to charge the county with the burden of refunding the license fees, it is of no effect. It follows that the judgment of the court of quarter sessions is affirmed.