jury, the case would require binding instructions for the defendant. Under such circumstances a trial would be useless and judgment should now be entered for the defendant.

*Error assigned* was the judgment of the court.

*J. W. Wetzel,* for appellant.

*Guy H. Davies,* and with him *John M. Rhey,* for appellee.

PER CURIAM, April 17, 1922:

The plaintiff's statement of claim and the defendant's affidavit of defense present a purely legal question, and this has been so fully and clearly considered and disposed of in the opinion filed in the court below, in entering a judgment in favor of the defendant, that it is needless to supplement it by further argument or authority.

The judgment is affirmed.

---

## Sieber, Appellant, *v.* County of Juniata.

*Constitutional law—Counties with population of 70,000 or less— Act of July 17, 1919, P. L. 1001—Unconstitutionality.*

The Act of July 17, 1919, P. L. 1001, fixing the fees for prothonotaries in counties having a population of less than 70,000 inhabitants, although general in form, is a local statute regulating county affairs and, therefore, is in violation of article III, section 7, of the Constitution of Pennsylvania which prohibits the passage of any local or special law regulating the affairs of counties.

A statute applicable to counties only of a specified population will be construed to be local and special when the subject-matter of the statute has no relation to the population of the counties.

Argued March 14, 1922. Appeal, No. 6, March T., 1922, by plaintiff, from judgment of C. P. Juniata Co.,

248   SIEBER, Appellant, *v.* COUNTY OF JUNIATA.

Statement of Facts—Opinion of Court below. [79 Pa. Superior Ct.

Sept. T., 1920, No. 50, in favor of defendant on case stated in the suit of Samuel C. Sieber v. County of Juniata.  Before ORLADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ.  Affirmed.

Amicable action and case stated to recover from the County of Juniata the sum of $20 for four days' attendance at court by plaintiff, as prothonotary of Juniata County, under the Act of July 17, 1919, P. L. 1001.  Before BARNETT, P. J.

The court entered judgment in favor of the defendant in the following opinion:

In an amicable action and case stated the plaintiff, who is the prothonotary of Juniata County, claims under the Act of July 17, 1919, P. L. 1001, to recover of the defendant the sum of $20 for four days' attendance at court.  The defense is that the act is void because in violation of article III, section 7, of the Constitution of Pennsylvania.

Section 1, of the act provides that "in all counties having population of less than seventy thousand inhabitants, the prothonotary of the court of common pleas shall receive a fee of five dollars for each day of his attendance in court; which fee shall be paid by the county."

Article III, section 7 of the Constitution forbids the general assembly to pass "any local or special law......regulating the affairs of counties, cities, townships, wards, boroughs or school districts."

A statute fixing the fees of county officers is a "law regulating the affairs of counties" within the intendment of the Constitution: Morrison v. Bachert, 112 Pa. 322; Phila. Co. v. Sheehan, 263 Pa. 449.  The constitutionality of the act in question depends upon whether or not it is a local law.

In Davis v. Clark, 106 Pa. 377, the Supreme Court, referring to an act of assembly which excluded from its provisions counties having over two hundred thousand inhabitants, said: "It was not, then, a general act, appli-

cable to every part of the Commonwealth. It did apply to a great number of counties; but there is no dividing line between a local and a general statute. It must be either the one or the other. If it apply to the whole State it is general. If to a part only, it is local. As a legal principle it is as effectually local when it applies to sixty-five counties out of the sixty-seven, as if it applied to one county only. The exclusion of a single county from the operation of the act makes it local."

A proper classification may save an act otherwise void as local legislation. The case last cited continues: "Within reasonable limits and for some purposes classification is allowable. It has been sustained on the basis of population of counties on the assumption that those having a small population, may ultimately have one much larger. Here the larger are excluded. We cannot assume that their population will ever be reduced to less than the number named. They are therefore practically and permanently excluded by the intent and purpose of this act, which is special in its terms and local in its effect."

The classification which will permit legislation for a part of the Commonwealth to the exclusion of the remainder must be based upon a genuine distinction. "Where there is any indication that classification is purely artificial and without necessity it cannot be sustained": Phila. Co. v. Sheehan, 263 Pa. 449. "It was never intended to license indiscriminate classification as a mere pretext for the enactment of laws essentially local or special......Classification which is grounded on no necessity and has for its sole object an evasion of the Constitution will not be encouraged......The underlying principle of all the cases is that classification, with a view of legislating for either class separately, is essentially unconstitutional, unless a necessity therefore exists,—a necessity springing from manifest peculiarities, clearly distinguishing those of one class from each of the other classes, and imperatively demanding legisla-

tion for each class, separately, that would be useless and detrimental to the others": Ayars's Appeal, 122 Pa. 266. "And in general with reference to public matters and legislative usage, necessity means great or urgent public convenience": Com. v. Gilligan, 195 Pa. 504.

So far as compensation to county officials is concerned, the Constitution has classified the counties of the State: Morrison v. Bachert, 112 Pa. 322; and a further attempt in that direction is not permissible: McCarthy v. Com., 110 Pa. 243. This classification is contained in article XIV, section 5 of the Constitution, which reads: "The compensation of county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees which they may be authorized to receive, into the treasury of the county or State, as may be directed by law. In counties containing over one hundred and fifty thousand inhabitants all county officers shall be paid by salary, and the salary of any such officers or his clerks, heretofore paid by fees, shall not exceed the aggregate amount of fees earned during his term and collected by him or for him." The power of the legislature to subdivide the constitutional classes of counties is recognized in Rymer v. Luzerne County, 142 Pa. 108, but only where the law applies to all counties of a constitutional class.

In the case of Phila. Co. v. Sheehan, 263 Pa. 449, the law under consideration was the Act of July 21, 1913, P. L. 878, fixing the salary of the register of wills in counties having a population of one million, five hundred thousand at $10,000 a year. In discussing the question of the necessity for special legislation for the class of counties indicated the Supreme Court said: "If the subject-matter of the act has no relation to the population of the counties, then the act will be construed to be local and special: Davis v. Clark, 106 Pa. 377......It cannot be said that there are any manifest peculiarities relating to the County of Philadelphia, in so far as they affect the compensation of the register of wills, to distinguish it from other counties of the State......If

there is no compelling necessity for the enactment of a law relating to a single county of the State and it is obvious, as it is in this case, that it was passed for the sole purpose of evading the Constitution, it is the duty of the court to declare the act invalid."

According to the census of 1920 the act of July 17, 1919, applies to thirty-six counties of the State, which have a population of less than seventy thousand, while thirty-one counties, having a greater population, are permanently excluded from its operation. It does not follow the classification of article XIV, section 5, of the Constitution applying to about two-thirds, and omitting from its provisions about one-third of the counties of the second constitutional class. It ignores the classification of counties attempted by the legislature in the Act of July 10, 1919, P. L. 887. Prothonotaries as other county officers are to be paid by salary in counties of the first constitutional class. Those counties might therefore properly be excluded from the act. But what manifest peculiarities can be pointed out to distinguish counties of less than seventy thousand population from those having more than seventy thousand and less than one hundred and fifty thousand inhabitants, to prove that the one class demands legislation on the subject of prothonotary's fees that would be useless and detrimental to the other? There is certainly no compelling necessity for the distinction which the act makes between counties comprised in the same constitutional class and lacking such necessity the attempted classification is purely artificial and cannot be sustained. It follows that the Act of July 17, 1919, P. L. 1001, is a local law and therefore unconstitutional and void.

And now, December 6, 1920, it is ordered that judgment be entered on the case stated herein in favor of the defendant and against the plaintiff with costs.

*Error assigned* was the decree of the court.

Opinion of the Court.    [79 Pa. Superior Ct.

*John J. Patterson,* for appellant.

*Will L. Hoopes,* for appellees.

PER CURIAM, April 17, 1922:

The opinion filed in the court below, entering judgment for the defendant in the case stated, disposes in a satisfactory way of the only question raised by the assignment of error.

The judgment is affirmed.

---

## Standard Brewing Co. *v.* The Knapp Co., Inc., Appellant.

*Practice, C. P.—Judgments non obstante veredicto—Act of April 22, 1905, P. L. 286—Point for binding instructions—Assignments of error—Appeals—Quashing appeals.*

The assignments of error constitute the only record in the appellate court and must be self-sustaining.

A motion for judgment n. o. v. must be based on a written point submitted to the court, at the trial, requesting binding instructions.

An appeal will be quashed where the record shows that the motion for judgment non obstante was not based upon a written point presented at the time of the trial requesting binding instructions.

The requirements of the Act of April 22, 1905, P. L. 286, are mandatory and must be strictly obeyed.

Argued March 8, 1922.    Appeal, No. 23, March T., 1922, by defendant, from judgment of C. P. Lackawanna Co., March T., 1918, No. 103, on verdict for plaintiff in the case of Standard Brewing Company v. The Knapp Company, Inc.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and LINN, JJ.    Appeal quashed.

Assumpsit for breach of contract for the sale of calendars.    Before NEWCOMB, J.