# Graeff *v.* Schlottman et al., Appellants.

*Constitutional law—Statutes—Insufficient title—Constitution of Pennsylvania, Article III, Sections 3 and 7—Counties of the fourth class—Act of May 10, 1923, P. L. 183.*

The Act of May 10, 1923, P. L. 183, authorizing Sheriffs in counties of the fourth class, to appoint a solicitor whose compensation is to be paid by the county, is a local statute regulating county affairs and, is in violation of Article III, Section 7 of the Constitution of Pennsylvania which prohibits the passage of any local or special law regulating the affairs of counties. Where it appears that classification is purely artificial and without necessity it will not be sustained, and where the subject has no real relation to the population of counties, it will be construed to be local and special.

The act of 1923 also violates Article III, Section 3 of the Constitution of Pennsylvania, inasmuch as the title fails to show that the salary to be paid to the solicitor is to be paid out of the county treasury.

Argued December 8, 1925. Appeal No. 358, October T., 1925, by defendants, from decree of C. P. Schuylkill County, September T., 1925, No. 317, in the case of R. J. Graeff v. John E. Schlottman, County Controller, and George S. Hensyl, County Treasurer. Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule for mandamus to compel a County Controller to countersign a county warrant.  Before Koch, J.

The facts are stated in the opinion of the Superior Court.

The rule was made absolute.  Defendants appealed.

*Error assigned* was the order of the court.

*Edmund D. Smith,* and with him *Henry Houck,* for appellant.—The title of the Act of May 10, 1923, P. L. 183, violates Article 3, Sec. 3, of the constitution: Fedorowicz v. Brobst, 254 Pa. 338; Fedorowicz v. Brobst, et al., 62 Pa. Superior Court 458; Dailey v. Potter County, 203 Pa. 593; Strain admr. v. Kern, 277 Pa. 209.

The Act of May 10, 1923, P. L. 183 violates Article 3, Section 7 of the constitution, as local or special legislation; Morrison v. Bachert, 112 Pa. 322; Van Loon v. Engle, 171 Pa. 157; Bagley Co. Inc. v. Cameron, 282 Pa. 84.

*Daniel J. Boyle,* and with him *R. J. Graeff,* for appellee.—The act must have a reasonable construction: Overseers v. Armstrong County, 11 Pa. Supr. 175; Gas and Water Company v. Downingtown Borough, 193 Pa. 255; Wheeler v. Philadelphia, 77 Pa. 338; Commonwealth v. Moir, 199 Pa. 534.

OPINION BY HENDERSON, J., February 26, 1926:

The appellants challenge the constitutionality of the Act of Assembly of May 10, 1923, P. L. 183.  The title of the Act is "An Act authorizing sheriffs in counties of the fourth class to appoint a solicitor; prescribing the duties of the said solicitor; and fixing his salary." The statute provides that in all counties of the fourth class the sheriff may appoint one person learned in the law as his solicitor; that the said solicitor shall advise upon all legal matters that may be submitted and shall conduct any litigation when requested so to do by the

sheriff. He shall hold office for the term for which the sheriff was elected and shall receive a salary of $500 per annum to be paid out of the county treasury. It is objected first that the title to the Act is insufficient under the provisions of Section 3 of Article III of the Constitution, in that it does not give notice that the county is to be charged with any liability. This section has been under consideration in numerous cases before the Supreme and Superior Courts, and it has been uniformly held that if the title does not fairly give notice of the subject of the enactment so as reasonably to excite inquiry as to the contents of the bill, the Act cannot be sustained. Where the most important provision of the statute is not suggested in the title, the constitution has not been complied with, and in considering the question the use of the word "clearly" in the section is to be given its due weight: Com. ex rel. v. Samuels, 163 Pa. 283; Daily v. Potter County, 203 Pa. 593. As was said in Phoenixville Road, 109 Pa. 44, "while it may be difficult to formulate a rule by which to determine the extent to which the title of the bill must specialize its object, it may be safely assumed that the title must not only embrace the subject of the proposed legislation, but also express the same so clearly and fully as to give notice of the legislative purpose to those who may be specially interested therein. Unless it does this it is useless." To the same effect are Provident Life & Trust Co. v. Hammond, 230 Pa. 407, and Strain Administrator v. Kern, 277 Pa. 209. When the statute under consideration is viewed in the light of the constitutional requirement, it will be seen that the title fails to make any mention of what is really the only important subject of the legislation. The word solicitor in the Act is obviously not used in its strict sense. An attorney at law was intended, but the sheriff needed no legislative authority to that effect. Every sheriff in the commonwealth

may employ an attorney to advise him and in so employing, he becomes his private counsel. He may act on his advice or decline to do so and may make such use of his professional services as may be desired. The important part of the enactment is that the sheriff's attorney shall be paid by the county. It is a matter of no consequence to the public or to the accounting officers of the county whether the sheriff has an attorney or not, and it may be concluded that the legislature so considered the matter except as to the sheriffs of the counties in class four. It was a subject of interest however to the tax payers and to the county controller that a new burden was imposed on the counties in the class named, and this could only be ascertained by referring to the text of the statute. The solicitor referred to is not declared to be an officer and it would be as reasonable to assume that he was to be compensated by the sheriff or by fees to be imposed on litigants as to be paid by the county. We think no one would be put on notice by the language used that the county might be made liable for the solicitor's compensation. The reasoning of Judge TREXLER in Fedorowicz v. Brobst, 62 Pa. Superior Ct. 458, which was subsequently affirmed on appeal to the Supreme Court (254 Pa. 338) supports the position of the appellants as do many other cases to which special reference is not necessary. The only reason for the enactment being the placing of the cost to the sheriff of his employment of counsel from time to time on the county, this object should clearly appear in the title. In our view the title is defective in this respect and is therefore invalid under Section 3, Article III of the Constitution.

Another position is taken that the Act violates Section 7 of Article III of the Constitution which prohibits the general assembly from passing any local or special laws regulating the affairs of counties. The objection

raised is that the Act in question is special legislation
in the form of a general law.   The question is not with
respect to the subject of classification of counties, but
whether the Act is local or special legislation in con-
templation of the constitutional prohibition?   In con-
sidering the subject, the substance and not the form of
legislation is to be regarded and a local or special Act
will be declared void although expressed as a general
statute if it be repugnant to the Constitution.   Classifi-
cation of counties has been recognized as a lawful exer-
cise of legislative power and legislation of a municipal
character with respect to class has been sustained, but
such legislation which has not the quality of municipal
character has been held invalid.   Classification which
is grounded in no necessity and has for its sole object
an evasion of the constitution will not be sustained:
Sample v. Pittsburgh, 212 Pa. 533.   Classification is
of course a legislative question and the extent to which
it is subject to judicial revision is to determine whether
it is founded on real distinction in the subjects classi-
fied and not on irrelevant ones used for the purpose of
evading constitutional prohibition:   Seabolt v. Com-
missioners, 187 Pa. 318; Mahon v. Penna. Coal Co., 274
Pa. 489; Com. ex rel. v. Wert et al., 282 Pa. 575.   Classi-
fication cannot be invoked to sustain legislation for-
bidden in other constitutional provisions.   A substan-
tial reason is necessary for an enactment based on
classification showing a real distinction applicable to
the particular class, and in the absence of such distinc-
tion legislation by classification is not permitted:
Chalmers v. Philadelphia, 250 Pa. 251.   Where it ap-
pears that classification is purely artificial and with-
out necessity, it will not be sustained, and where the
subject has no real relation to the population of the
counties, it will be construed to be local and special:
Davis v. Clark, 106 Pa. 377; Philadelphia County v.
Sheehan, 263 Pa. 449.   Classification was sustained on

the ground of necessity in Wheeler v. Philadelphia, 77 Pa. 338, and in subsequent adjudications. Necessity was held to mean real urgent public convenience: Com. v. Gilligan, 195 Pa. 504. Such necessity was described in Ayars' App., 122 Pa. 266, as springing from manifest peculiarities clearly distinguishing those of one class from each of the other classes and imperatively demanding legislation for each class separately that would be useless and detrimental to the others. Our decision in Sieber v. County of Juniata, 79 Pa. Superior Ct. 247, followed the line of authority above set forth. That there was no convincing reason for legislation permitting a sheriff in a county of the fourth class to employ an attorney whose compensation should be paid by the county as distinguished from sheriffs in counties of other classes seems obvious. The duties of sheriffs in that class are not different from those of the other classes and the same questions involving legal advice are liable to arise in the various counties of greater or less population. The Act does not create the office of solicitor for counties of the fourth class, but simply authorizes the sheriff to appoint such attorney if he so desire. He is required to give his opinion to the sheriff when requested and to conduct any litigation when called on by the sheriff. The latter direction probably has reference to business in which the sheriff, as an officer, has an interest, although it is not so expressed in the statute. The sheriff is however under no obligation to either request or act upon the advice of the solicitor. The latter has no responsibility to the public nor have his opinions any controlling effect on the sheriff. The same question arose on a somewhat similar appeal in Allworth v. The County of Lackawanna, 85 Pa. Superior Ct. 349, where it was held in an opinion of our Brother GAWTHROP that the counsel for the Board of Registration Commissioners was not a public officer within the meaning

of the Constitution. For the reason that the title of the Act does not clearly state the subject of the enactment and that the Act is local and special legislation, the assignment is sustained.

The decree is reversed and the petition dismissed at the cost of the petitioner.