# Edwards, Appellant, *v.* McLean.

*Constitutional law—Public officers—Compensation—Retrospective acts—Acts of June 15, 1897, P. L. 165, and July 2, 1901, P. L. 609.*

The Acts of June 15, 1897, P. L. 165, and July 2, 1901, P. L. 609, allowing compensation to constables for services rendered prior to the enactment of the acts are wholly retrospective in character and are unconstitutional as violative of art. 3, sec. 11 of the constitution, which forbids legislation giving any extra compensation to public officers after services have been rendered.

Argued Jan. 17, 1903. Appeal, No. 73, Jan. T., 1903, by plaintiff, from order of C. P. Luzerne Co., Jan. T., 1903, No. 128, refusing alternative writ of mandamus in case of Richard T. Edwards v. George R. McLean. Before BEAVER, SMITH, W. D. PORTER and MORRISON, JJ. Affirmed.

Demurrer to petition for mandamus. Before HALSEY, J.
The opinion of the Superior Court states the case.

*Error assigned* was order sustaining demurrer to petition.

*Evan C. Jones* and *John J. O'Donnell*, for appellant.—The tendency of the Supreme Court of this state, beginning with Com. ex rel. v. McCoombs, 56 Pa. 436, has been to restrict the prohibition contained in art. 3, sec. 13, of the constitution of 1874, to constitutional officers exclusively: Com. ex rel. v. McCoombs, 56 Pa. 436 ; Com. ex rel. v. Weir, 165 Pa. 284; Com. ex rel. v. Moir, 199 Pa. 534; Com. ex rel. v. Nichols, 10 Kulp, 193.

The office of constable is not one usually denominated constitutional: Com. ex rel. v. Benfield, 5 Pa. Dist. Rep. 382; Koller's Petition, 9 York, 165.

The acts of 1897 and 1901 are remedial in their nature and are to be construed liberally to accomplish the object aimed at: Com. v. Butler, 99 Pa. 535.

Retrospective laws, unless ex post facto, or impairing the obligation of contracts, do not fall with the prohibition contained in the constitution of the United States, however

repugnant to the principles of sound legislation: Lane v. Nelson, 79 Pa. 407 ; Grim v. Weissenberg School Dist., 57 Pa. 433.

Retrospective legislation is not necessarily forbidden unless it impairs the obligation of contracts, and the legislative grant of a right in the emoluments of an office is not a contract: Hulsizer v. Northampton Co., 19 Pa. C. C. Rep. 385.

*William R. Gibbons*, with him *George R. McLean*, for appellee.—There is no question that in the act of May 23,1893, commonly known as the constable act, no provision was made for compensation for these services, and they cannot be compensated for under the act of April 2, 1868, because the latter act was repealed by the former: Fenner v. Luzerne County, 167 Pa. 632.

When a public duty is commanded of officials, paid by fees, it must be performed without compensation, unless express provision is made for payment : Hulsizer v. Northampton Co., 19 Pa. C. C. Rep. 385; Cornell v. Beaver County, 3 Pa. Dist. Rep. 783 ; Apple v. Crawford Co., 105 Pa. 300; Fox v. Lebanon County, 4 Pa. C. C. Rep. 393.

OPINION BY W. D. PORTER, J., May 22, 1903:

The appellant had, as appears from the averments of his petition, already served a term as constable of the ninth ward of the city of Wilkes-Barre when he accepted the office for the term during which he rendered the services for which he in this proceeding seeks to obtain compensation ; he was therefore by the provisions of section 111 of the Act of April 15, 1834, P. L. 537, left perfectly free to accept or decline the office. When he accepted he is presumed to have known the nature and duties of the office and the compensation which thereto appertained.   Among the duties which he was required by law to perform was that of attending at all elections held in his ward, and making certain returns to the court of quarter sessions : Act of July 2, 1839, P. L. 519, and Act of May 13, 1887, P. L. 108.   He took the office subject to these burdens.   The compensation which the officer was entitled to receive for the discharge of his official duties was regulated by the Act of May 23, 1893, P. L. 117 : Fenner v. Luzerne County, 167 Pa.

632. That statute provided compensation for the discharge of his official duties by the allowance of fees for many of such services, but no special compensation was allowed for making returns to the court of quarter sessions or being present at elections. This was the state of the law when the services for which the appellant now seeks to recover were performed. The appellant performed all the duties of his office, receiving such compensation as was at that time authorized by law, and now bases his assertion of a right to recover additional compensation, in the nature of special fees not allowable at the time the services were rendered, under the provisions of the Acts of June 15, 1897, P. L. 165, and July 2, 1901, P. L. 609. Those statutes are exclusively retrospective in their provisions, each of them provides for the payment of constables for services rendered prior to their enactment, and neither of them makes any attempt to regulate the fees to be paid in the future. Legislation of this character is in violation of article 3, section 11, of the constitution: "No bill shall be passed giving any extra compensation to any public officer, servant, employee, agent or contractor, after services shall have been rendered or contract made, nor providing for the payment of any claim against the commonwealth without previous authority of law." The provisions of this section are broad enough to cover all public services rendered by any public officer which, under the law at the time he accepts office, it becomes his duty to perform. This section relates only to an increase of compensation after the services required by law have been rendered, and is not to be confused with section 13 of the same article, which relates to an increase of compensation for services to be rendered in the future; and the decisions in Commonwealth v. McCombs, 56 Pa. 436, Baldwin v. Philadelphia, 99 Pa. 164, County of Crawford v. Nash, 99 Pa. 253, Apple v. County of Crawford, 105 Pa. 300, and Commonwealth ex. rel. v. Weir, 165 Pa. 284, do not determine the question presented by this record.

The judgment is affirmed and the appeal dismissed at costs of the appellant.