# Commonwealth, ex rel., Appellants, v. Moffitt.

*Constitutional law—Public officer—Increase of salary during term—Acts of April 6, 1830, P. L. 256, and June 15, 1911, P. L. 986—Section 13, Article III, of the Constitution.*

1. Whether an officer is a "public officer" within the intendment of the constitutional prohibition depends upon the manner of his selection, the duties imposed and the powers conferred upon him. If he is chosen by the electorate for a definite and certain tenure in the manner provided by law to an office whose duties affect and are to be exercised for the benefit of the public for a stipulated compensation paid out of the public treasury, the incumbent is a public officer within the meaning of the constitutional provision.

2. A poor director in Washington County elected under the provisions of the special Act of April 6, 1830, P. L. 256, is a public officer within the meaning of Section 13, Article III, of the Constitution, and is thereby deprived of the right to receive an increase of salary under the Act of June 15, 1911, P. L. 986.

Argued October 17, 1912. Appeal, No. 215, Oct. T., 1912, by plaintiffs, from judgment of C. P. Washington Co., May T., 1912, No. 79, overruling exceptions to adjudication in case of Commonwealth of Pennsylvania, ex rel., R. W. Wolfe, H. D. Browneller and R. C. Buchanan, the Directors of the Poor and of the House of Employment of the County of Washington, v. John H. Moffitt, County Controller of Washington County. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for alternative writ of mandamus. Before McILVAINE, P. J., and TAYLOR, J.

The poor district for the County of Washington was created by a special act of assembly, enacted the 6th day of April, 1830, P. L. 256. One director of the poor for this county is chosen each year for a term of three years.

The board of directors in compliance with the provisions of the special act of assembly, in November of

each year furnished to the commissioners of the county an estimate of the probable expense of the poor and poor house for one year. On or about the 5th day of March, 1912, a warrant was presented to the county commissioners in the usual and customary way for the amount they estimated as necessary, but the county controller refused to countersign the warrant on the ground that the statement contained items of salary, which they were not entitled to, for the reason that R. C. Buchanan, one of the directors, had been elected in November, 1909, for the term of three years and that his term did not expire until January, 1913; and that the salary claimed by this director included the increase allowed to directors of the poor by the Act of June 15, 1911, P. L. 986, and was an increase of salary during his term of office contrary to Section 13, Article III, of the Constitution.

The directors of the poor then filed their petition for a writ of mandamus to compel the county controller to countersign the warrant, claiming that it was his ministerial duty to do so and that all items set forth in their statement of the necessary expense were just and legal.

The matter came before the court for adjudication. The court disallowed the claim of R. C. Buchanan, and filed, among others, the following conclusion of law:

"That a director of the poor of Washington County is a public officer within the meaning of Section 13, Article III, of the Constitution."

The opinion of McILVAINE, P. J., and TAYLOR, J., was in part as follows:

Under the pleadings in this case a single question is to be determined, and that is whether or not R. C. Buchanan is entitled to receive a salary at the rate of one thousand dollars a year as provided by an act of assembly which was passed after he was inducted into his office and which increases the salary which he previously received. The relators contend that the words "public officer" in the section of the Constitution above

quoted mean a public officer which is recognized by the Constitution and not a legislative public officer; and they cite authorities of some of the lower courts of this State to sustain that contention. But we think these authorities are not in accordance with the decision of our Superior and Supreme Court, as found in a number of cases. There is no doubt that a distinction is to be made between the situation of one who occupies a constitutional office and that of an officer whose position is created by statute. The former has an exemption from the control of the legislature which does not exist in favor of the latter. But this distinction in our opinion does not exist when the sole question before the court is the interpretation of an act of assembly the sole purpose of which was to increase the salary of public officers. In other words, the words "public officer" when we are considering simply the question of raising or lowering the salary, must be given a meaning which it is evident that the legislature intended they should have. If we turn to the text books or to the decisions of our courts to find a definition of a public officer, we find that it would embrace the relators in this case. Wherever an officer exercises important duties and has delegated to him some of the functions of government, and his office is for a fixed term, and the power, duties and emoluments become vested in a successor when the office becomes vacant, such official may properly be called a public officer. The powers and duties attached to the position give it its character, and in considering the duties imposed upon the directors of the poor, we find one of the important things that they have to do is to make estimates and report them to the commissioners as a basis upon which they exercise the sovereign power of levying taxes. We find also that they are charged with the care and custody of the poor of the county and of the expenditure of money collected from the people by taxation and paid to them out of the county treasury. We find that they are

elected by the people as other public officers are elected and at the general election held for the election of other public officers, and they are elected for a specific term and they must give an account of how they expended the money committed to their care.

In Richie v. Philadelphia, 225 Pa. 511 (it being an appeal from a judgment of the Superior Court holding that a real estate assessor in Philadelphia was a public officer within the meaning of the 13th Section, of Article III, of the Constitution), Justice BROWN makes use of the following language:

"Two reasons are assigned why the judgment of the Superior Court should not be sustained. The first is that the clause in the Constitution prohibiting the increase of the salary of a public officer after his election or appointment applies only to public officers who hold constitutional offices. A real estate assessor is not such an officer, for his office is not one of those named in the Constitution.......What we are again called upon to decide is whether the thirteenth section of the third article of the Constitution is broad enough, and was so intended by the framers of the Constitution, to extend to all public officers (except those saved by the Constitution itself) upon whom grave and important duties are imposed for a fixed term.......The third article of the Constitution is, throughout its thirty-three sections, a restraint upon the powers of the general assembly, and if its thirteenth section was intended to apply only to the comparatively few offices created by the Constitution, with which alone state, county and municipal government could not be administered, such intention would certainly have found expression somewhere in the article upon legislation.......It is to be regarded as settled that an office is a public one within the meaning of the Constitution if the holder of it exercises grave public functions and is clothed at the time being with some of the power of sovereignty.......In every case in which the question arises whether the holder of an

office is to be regarded as a public officer within the meaning of the Constitution, that question must be determined by a consideration of the nature of the service to be performed by the incumbent and of the duties imposed upon him, and whenever it appears that those duties are of a grave and important character, involving in the proper performance of them some of the functions of government, the officer charged with them is clearly to be regarded as a public one."

In Houseman v. Commonwealth, 100 Pa. 222, it was held that the receiver of delinquent taxes in Philadelphia was a public officer.

In Lancaster County v. Fulton, 128 Pa. 48, it was expressly decided that a county solicitor was a public officer within the meaning of the 13th Section, of Article III, of the Constitution, and it cannot be claimed that that office is created by the Constitution.

In Commonwealth v. Evans, 74 Pa. 124, the Supreme Court say:

"We are of the opinion that the defendant below was a public officer within the purview of the first section of the Act of July 12, 1842, P. L. 339, which excepts from the provisions of that act, abolishing imprisonment for debt, proceeding for the recovery of 'moneys collected by any public officer.' It may sometimes, indeed, be a difficult matter to distinguish between a public officer and a person employed by the government to perform some special service by contract. We are of the opinion that all persons who, by authority of law, are intrusted with the receipt of public moneys, through whose hands money due to the public or belonging to it, passes on its way to the public treasury, must be so considered by whatever name or title they may be designated in the law authorizing their appointment, and whether the service be special or general, transient or permanent."

In the case of Commonwealth v. Sharetts, 231 Pa. 525, it is held that directors of the poor are not county

officers, but in that case it is held that they are public municipal officers. Among other things, the court say: "Where directors of the poor hold their office by virtue of a special act of assembly erecting them into a corporate body, they are not county officers; but they are public municipal officers, and although their selection is not provided for specifically by the Constitution, nevertheless they are quite as much municipal officers in essential characteristics as though specifically therein enumerated."

We are, therefore, clearly of the opinion that R. C. Buchanan when acting as a director of the poor is a public officer, and that the Act of 1911 increasing the salary of that office after he was inducted into office, under the Constitution, cannot be made to apply to him, but that he should draw his salary under the act of assembly in force at the time he was inducted into office, and therefore that the controller was justified in refusing to issue the warrant asked for so long as the directors insisted that that item remain as constituting part of the warrant that he would have to issue.

Here we might stop, but in view of some things that were said at the hearing by counsel, we wish to say that we are not in a proceeding like this called upon to give advice that would regulate the conduct of the parties to this suit in the future. The directors of the poor and the county commissioners and the controller are each concerned in having the business that pertains directly and indirectly to the county home conducted in a manner that will best subserve the public interests, and as the law in regard to the matter is rather meager as to many of the details of that business and as much is left to the discretion of the directors of the poor and the county commissioners in conducting their business, and much also is left to the discretion of the controller as to fixing rules and regulations that are matters of form and not of substance, it is necessary in order to bring the best results, that their actions shall be har-

monious.  And as each of these three bodies have counsel, we would suggest that their counsel get together and formulate rules and regulations for the presentation of bills and the conduct of their business that will be productive of harmony rather than friction.  These officers all stand on an equal footing and no one has a right to domineer over the other.  What they all should strive for would be to so act as to get the best possible service for the people whom they represent.

And now, April 15, 1912, it is ordered that the foregoing adjudication be filed, and if no exceptions be taken thereto as provided by law, that judgment be entered in accordance with the adjudication in favor of the defendant for costs.

*Error assigned* was (1) in dismissing exception to the above quoted conclusion of law.

*Harry L. Williams,* with him *Jas. P. Eagleson, W. A. H. McIlvaine* and *J. R. McCreight,* for appellants.—A poor director is a county officer: Nissley v. Lancaster County, 215 Pa. 562.

A director of the poor chosen for the County of Washington under the special Act of April 6, 1830, P. L. 256, is not a public officer "within the meaning of the constitutional provision": Richie v. Philadelphia, 225 Pa. 511; Com. v. Sharetts, 231 Pa. 525.

*C. L. V. Acheson,* with him *Guy Moffitt* and *J. Boyd Crumrine,* for appellee.—Directors of the poor holding office by virtue of a special act of assembly are not county officers: Commonwealth v. Sharetts, 231 Pa. 525; Nissley v. Lancaster County, 215 Pa. 562; Phillips v. Kantner, 39 Pa. Superior Ct. 570.

The term "public officers" is not restricted merely to offices created by constitutional provisions, but applies to officers who exercise important public duties, have delegated to them some of the functions of government,

and whose offices are for a fixed term and whose powers, duties and emoluments become vested in a successor, when the offices become vacant: Richie v. Philadelphia, 37 Pa. Superior Ct. 190; Richie v. Philadelphia, 225 Pa. 511; Houseman v. Commonwealth, 100 Pa. 222; Lancaster County v. Fulton, 128 Pa. 48; Commonwealth v. Evans, 74 Pa. 124.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1913:

The elaborate opinion of the court below, applying and distinguishing our cases bearing on the question at issue in this case, fully vindicates the judgment against the relators, and renders unnecessary any extended discussion here. The single question for determination is whether the incumbent of the office of poor director created under a special act applicable to Washington County is a public officer within the meaning of Section 13, Article III, of the Constitution and thereby deprived of the right to receive an increase of salary under the Act of June 15, 1911, P. L. 986, passed after he was inducted into office. We are clear that the court below correctly answered the question in the affirmative.

It is settled by many decisions of this court that the prohibition against the extension of the term of a public officer or the increase or diminution of his salary after his election or appointment, contained in Section 13, Article III, is not limited to constitutional officers. Whether an officer is a "public officer" within the intendment of the constitutional prohibition depends upon the manner of his selection, the duties imposed and the powers conferred upon him. If he is chosen by the electorate for a definite and certain tenure in the manner provided by law to an office whose duties affect and are to be exercised for the benefit of the public for a stipulated compensation paid out of the public treasury, it is quite safe to say that the incumbent is a public officer within the meaning of the constitutional pro-

vision in question. He is selected by the people to perform certain imposed duties and exercise certain prescribed powers in the government of the State or the municipal division thereof for which he is chosen. His office is administered for the benefit of the public, and to the extent of the powers conferred by law he exercises the functions of government.

Tested by this definition which is sustained by the authorities, we think a poor director in Washington County is a public officer within the meaning of the constitutional provision. A brief reference to the statute creating the office and prescribing his duties and powers will remove any doubt as to the character of his position. The special act provides for the erection of a house for the employment and support of the poor in Washington County. Pursuant to its provisions three directors of the poor are elected by the voters of the county for the term of three years and compensated for their services out of the public funds. They take an official oath, and are empowered to make rules and regulations for the government and support of the poor and house of employment and of the revenues thereunto belonging and of such persons as shall come under their cognizance. They are required to furnish annually an estimate of the probable expense of the poor and poorhouse to the county commissioners, who must assess and collect the amount of the estimate and pay the same to the poor directors by warrants drawn on the county treasurer. The directors disburse the fund in supporting and maintaining the poor of the county, and are required annually to render an account of moneys received and expended by them to the county auditors.

We are of opinion that a director of the poor of Washington County is a public officer within the constitutional provision prohibiting his salary from being increased or diminished during his incumbency of the office, and the judgment of the court below is affirmed.