# Alworth, Appellant, *v.* County of Lackawanna.

*Public officer—Counsel for board of registration—Act of July 24, 1913, P. L. 977.*

Counsel for the registration commissioners of Lackawanna County, appointed under the Act of July 24, 1913, P. L. 977, is not a public officer within the constitutional provision prohibiting his salary from being increased or reduced during his incumbency of the office.

If the officer is chosen by the electorate, or appointed, for a definite and certain tenure, in the manner provided by law, to an office, the duties of which are of a grave and important character, involving some of the functions of government, and are to be exer-

cised for the benefit of the public for a fixed compensation paid out of the public treasury, the incumbent is a public officer, within the meaning of the constitutional provisions. But where the officer is merely the legal adviser of the board of registration with regard to the performance of their duties and represents them in legal proceedings in which the board is involved, and has no direct connection with, or responsibility to, the public, and is entirely subordinate to the board, he is not a public officer within the restrictions of the Constitution.

Argued March 4, 1925. Appeal, No. 40, Feb. T., 1925, by plaintiff, from judgment of C. P. Lackawanna Co., Nov. T., 1924, No. 272, in the case of Henry S. Alworth v. County of Lackawanna. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Case stated to determine the validity of the salary of counsel for the Board of Registration Commissioners in the City of Scranton. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the defendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*R. W. Archbald,* for appellant.

*Herbert L. Taylor,* for appellee.

OPINION BY GAWTHROP, J., April 28, 1925:

Appellant was counsel for the Board of Registration Commissioners for the City of Scranton, appointed July 9, 1920, and continued to serve as such until July 1, 1924. His compensation was fixed at $1,500 per annum and he was paid salary at that rate during his period of service. Section 16 of the Act of July 24, 1913, P. L. 977, provided that the Board of Registration Commissioners shall have power to appoint a counsel whose com-

pensation shall not exceed $2,000 per annum. The Act of April 21, 1921, P. L. 239, fixes the compensation of counsel for the Board of Registration Commissioners at $2,000 per annum. The statutes provide that the county commissioners of each county, upon proper vouchers, shall provide for the payment of said counsel. The appellant contends that he is entitled to be paid salary, during the period of his service subsequent to April 21, 1921, at the rate provided for by the Act of April 21, 1921, and the County of Lackawanna joined with him in a case stated in the nature of an action in assumpsit for the purpose of securing the opinion of the court below upon the question whether the appellant was entitled to be paid at the rate of $2,000 per annum and, if so, judgment to be entered in favor of the plaintiff and against the defendant in the sum of $1,541.67, with costs; otherwise, judgment to be entered for the defendant, with costs. Each party reserved the right of appeal. The learned president judge of the court below held that the appellant was a public officer within the meaning of article III, section 13, of the state Constitution, which provides: "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment;" and that, as he had been appointed and was serving at a fixed salary at the time the Act of April 21, 1921, was enacted, he could derive no benefit from the increase of salary thereby provided and was not entitled to recover. The plaintiff has appealed.

It must be regarded as settled that the prohibition against the extension of the term of a public officer or the decrease or diminution of his salary after his election or appointment, contained in article III, section 13, is not limited to constitutional officers: Com. ex rel. v. Moffit, 238 Pa. 255; Richie v. Phila., 225 Pa. 511, 37 Pa. Superior Ct. 190; Dewey v. Luzerne Co., 74 Pa. Superior Ct. 300. The single question for determination is whether the appellant was "a public officer." That

question must be determined by the consideration of the nature of the service to be performed, the duties imposed and the powers conferred: Com. ex rel. v. Moffitt, supra. If the officer is chosen by the electorate, or appointed, for a definite and certain tenure in the manner provided by law to an office whose duties are of a grave and important character, involving some of the functions of government, and are to be exercised for the benefit of the public for a fixed compensation paid out of the public treasury, it is safe to say that the incumbent is a public officer within the meaning of the constitutional provisions in question. This we think is the effect of the adjudications on the subject. While this rule requires consideration of various matters in determining whether an office can properly be considered to be within the meaning of the clause of the Constitution under consideration, the character of the functions to be performed is of prime importance. The duties of the counsel for the Board of Registration Commissioners are not defined by statute. It is apparent, therefore, that he is merely the legal adviser of the board with regard to the performance of their duties and shall represent them in legal proceedings in which the board is involved. His duties are important in the sense that the advice and actions of an attorney always entail grave responsibility; but they are performed for the board. He has no direct connection with, or responsibility to, the public; he is entirely subordinate to the board; they may follow his advice or disregard it; he cannot control their actions; he cannot perform their duties; his appointment is for no definite term, and he can be recalled at any time; he has no grave and important duties involving a function of government in their performance, or duties which are of such a public character as are held to be an essential characteristic of an office in order to bring it within the meaning of the constitutional prohibition. The character of the duties of the registration board, whose members are public officers

(Com. v. Moore, 266 Pa. 100) does not have the effect of rendering the duties to be performed by their counsel those of a public officer.

We are all constrained to hold that the counsel for the registration commissioners appointed under the Act of July 24, 1913, P. L. 977, is not a public officer within the constitutional provision prohibiting his salary from being increased or reduced during his encumbency of the office. The judgment of the court below is reversed and here entered for the plaintiff in the sum of $1,541.67, with costs.