Wiest *v.* Northumberland Co. (et al., Appellants).

Argued October 24, 1934.

Before TREXLER, P. J., KELLER, CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*M. A. Kilker,* and with him *Cyril C. Kilker,* for appellants.

*W. Irvine Wiest,* for appellee, submitted a paper book.

OPINION BY TREXLER, P. J., January 4, 1935:

On the first Monday of January, 1933, the county controller of Northumberland County appointed W. Irvine Wiest, the plaintiff, as solicitor and on the same day the salary board of said county fixed his salary at $2,400 per annum, payable semi-monthly in installments of $100. The appointment was made by virtue of the Act of May 2, 1929, P. L. 1278, Sec. 135, which provides: "The county controller may designate and appoint one person learned in the law to act as his

solicitor. Such solicitor shall advise upon all such legal matters as may be submitted to him and shall conduct any litigation desired by the county controller. He shall hold office at the pleasure of the controller. He shall receive such salary as may be fixed by law or by the salary board." By the Act of May 23, 1933, P. L. 948, the provisions of the last sentence of the Act of 1929 were amended to read as follows: "He shall receive such salary as may be fixed by the salary board, but in counties of the fifth class such salary shall not exceed the sum of nine hundred dollars ($900) per annum." By reason of the Act of May 17, 1929, P. L. 1808, said Act of May 23, 1933, did not take effect until September 1, 1933. Since the middle of June, 1933, the county commissioners have paid the plaintiff as solicitor for the controller at the rate of $900 per annum instead of $2,400. The question before us is, can his salary be reduced or does he come under Article 3, Sec. 13, of the Constitution, which provides: "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment."

The court below held that he was a public officer and that, notwithstanding the act of assembly his salary continued to $2,400 per annum. We have come to the contrary conclusion. "Whether an officer is a 'public officer' within the intendment of the constitutional prohibition depends upon the manner of his selection, the duties imposed, and the powers conferred, upon him": Commonwealth v. Moffitt, 238 Pa. 255, 86 A. 75. Where the duties of the office are to be exercised for the benefit of the public for a stipulated compensation to be paid by the public, where the term if defined and the tenure certain, and where the powers, duties, and emoluments become vested in a successor when the office becomes vacant, it can confidently be affirmed that the occupant of the place is a public officer within

the Constitution: Appeal of Tucker, 271 Pa. 462, 114 A. 626. The decisions upon this subject are collated in PS Constitution, Art. 3, Sec. 13, and it will serve no good purpose to refer to the cases therein cited seriatim. The following resemble the present. Graeff v. Schlottman, 87 Pa. Superior Ct. 387, where it was held that an attorney appointed by a sheriff in a county of the fourth class under the Act of May 10, 1923, P. L. 183, was not a public officer. The question involved there was the constitutionality of the act, but the reasoning employed by Judge HENDERSON, page 392, applies to the present case. Alworth v. The County of Lackawanna, 85 Pa. Superior Ct. 349, in an opinion by Judge GAWTHROP, this court held that the counsel for the board of registration commissioners of Lackawanna County was not a public officer within the meaning of the Act of July 24, 1913, P. L. 977. We quote, "If the officer is chosen by the electorate, or appointed, for a definite and certain tenure in the manner provided by law to an office whose duties are of a grave and important character, involving some of the functions of government, and are to be exercised for the benefit of the public for a fixed compensation paid out of the public treasury, it is safe to say that the incumbent is a public officer within the meaning of the constitutional provisions in question. This we think is the effect of the adjudications on the subject. While this rule requires consideration of various matters in determining whether an office can properly be considered to be within the meaning of the clause of the Constitution under consideration, the character of the functions to be performed is of prime importance. The duties of the counsel for the board of registration commissioners are not defined by statute. It is apparent, therefore, that he is merely the legal adviser of the board with regard to the performance of their duties and shall represent them in legal proceedings, in which the board is

involved. His duties are important in the sense that the advice and actions of an attorney always entail grave responsibility; but they are performed for the board. He has no direct connection with, or responsibility to the public; he is entirely subordinate to the board; they may follow his advice or disregard it; he cannot control their actions; he cannot perform their duties; his appointment is for no definite term, and he can be recalled at any time; he has no grave and important duties involving a function of government in their performance, or duties which are of such a public character as are held to be an essential characteristic of an office in order to bring it within the meaning of the constitutional prohibition. The character of the duties of the registration board, whose members are public officers (Com. v. Moore, 266 Pa. 100) does not have the effect of rendering the duties to be performed by their counsel those of a public officer.'' We have used this extensive quotation for the reason that we think it is decisive of the question we are considering. This case was cited by our Supreme Court in Glessner's case, 289 Pa. 86.

We are not aided in the discussion by any reference to officers elected by the people. We are dealing here with an appointed officer. Whilst the question of appointment or election may not always create the line of cleavage between a public officer and one who is not, nevertheless, the fact that he is chosen by the electorate for a definite tenure gives support to the fact that he is a public officer.

We are all of opinion that the plaintiff was not a public officer. The judgment of the lower court is reversed and the record remanded with directions to enter judgment for the plaintiff for the amount due prior to September 1, 1933 at the rate of $2,400 per annum and from that date to November 30, 1933, at the rate of $900 per annum.