## Grossman et al. v. McGovern et al.

*Harry F. Stambaugh, George E. Applebaum* and *Arthur M. Grossman,* for plaintiffs.

*Mortimer B. Lesher,* first assistant solicitor for Allegheny County, for defendants.

MOORE, J., August 24, 1935.—Plaintiffs, as the owners of real estate subject to taxation by Allegheny County and therefore persons beneficially interested, have obtained a writ of alternate mandamus upon defendants, the County Commissioners of Allegheny County, as the county's tax-levying authority. The mandamus writ orders defendants to abate penalties assessed against plaintiffs' real estate for the years 1933 and 1934, in compliance with the Acts of May 1, 1935, P. L. 129, and June 22, 1935, P. L. 444, or to show cause why they should not be compelled so to abate said penalties.

The case came on for hearing before a full bench of this court on August 16, 1935, whereupon counsel for plaintiffs and the defendants agreed upon the state of

facts hereinafter recited and the questions of law hereinafter recited.

The agreed state of facts follow:

"1. The method of handling delinquent tax accounts by the delinquent tax collector of Allegheny County is as follows:

"(a) The delinquent tax collector's office collects delinquent taxes, including interest and penalties.

"(b) The delinquent tax collector places the penalties collected in his personal account.

"(c) The delinquent tax collector places the taxes and interest in a bank in the name of John Brown, Jr., delinquent tax collector of Allegheny County, Pa.

"(d) Every 30 days he remits to the county treasurer the taxes and interest aforementioned.

"2. It is hereby agreed that the delinquent tax collector may be discharged at any time by the county treasurer, and that when a delinquent tax collector is appointed, the appointment is at the pleasure of the county treasurer.

"3. Right to jury trial is hereby waived.

"4. The parties hereto hereby waive any requirement of acts of assembly which in this action of mandamus have not been complied with.

"5. The delinquent tax collector is entitled to no commission for taxes which have been liened. Delinquent taxes must be liened after three years."

The agreed questions of law follow:

"1. Can the legislature, by act of assembly, diminish the emolument of the delinquent tax collector of Allegheny County, Pa.?

"2. Does the Act of June 22, 1935, P. L. 444, repeal the Act of May 31, 1933, P. L. 1135?

"3. Can the tax-levying body of Allegheny County, Pa., abate a penalty which, by the Act of 1933, is the compensation of the delinquent tax collector of Allegheny County?"

The first legal question as to whether or not the legis-

lature can, by said legislative enactments of 1935, diminish the emoluments of the delinquent tax collector of Allegheny County involves the inquiry as to whether or not the said delinquent tax collector is a public officer. If he is a public officer then, of course, the legislature could not diminish the salary or emolument during his term of office, article III, sec. 13, of the Constitution of Pennsylvania providing: "No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment."

With extended appellate court pronouncements as to what constitutes a public officer, we find the latest definition in the utterance of the Superior Court in the case of Wiest v. Northumberland County et al., 115 Pa. Superior Ct. 577, as follows:

" 'Whether an officer is a "public officer" within the intendment of the constitutional prohibition depends upon the manner of his selection, the duties imposed, and the powers conferred, upon him': Commonwealth v. Moffitt, 238 Pa. 255, 86 A. 75. Where the duties of the office are to be exercised for the benefit of the public for a stipulated compensation to be paid by the public, where the term if defined and the tenure certain, and where the powers, duties, and emoluments become vested in a successor when the office becomes vacant, it can confidently be affirmed that the occupant of the place is a public officer within the Constitution: Appeal of Tucker, 271 Pa. 462, 114 A. 626. . . . Alworth v. The County of Lackawanna, 85 Pa. Superior Ct. 349 . . . this court held . . . 'If the officer is chosen by the electorate, or appointed, for a definite and certain tenure in the manner provided by law to an office whose duties are of a grave and important character, involving some of the functions of government, and are to be exercised for the benefit of the public for a fixed compensation paid out of the public treasury, it is safe to say that the incumbent is a public officer within the meaning of the constitutional provisions in question.' "

In practically all of the decisions antecedent to the foregoing case a necessary element marking one as a public officer was that he should have been either elected or appointed for a definite term.

The second fact stipulation establishes that the delinquent tax collector in Allegheny County holds his position as such, at the will of the county treasurer, making it possible for him to be forthwith dismissed, or reappointed by successive county treasurers over a long period of years.

After diligent search, counsel for the parties have directed our attention to three cases which might tend to indicate the delinquent tax collector in this county is a public officer, but these we think are distinguishable from the instant case. In the case of Commonwealth, ex rel., v. Connor, 207 Pa. 263, in the lower court opinion, the late Judge Shafer, in dictum in his opinion, asserted:

"That the respondent [as collector of delinquent county taxes, for the years 1900, 1901 and 1902,] is an officer, that is a public officer, we think there can be no doubt."

However, Judge Shafer further very definitely asserted:

"The only question in this case is whether the respondent is an 'appointed officer' within the meaning of article 6, section 4, of the constitution, and so removable at the pleasure of the power by which he was appointed."

The Supreme Court in a per curiam opinion affirmed Judge Shafer's finding that under the pertinent statutes of May 1, 1861, P. L. 450, sec. 23, and June 8, 1891, P. L. 212, a collector of delinquent taxes in this county who has been appointed by the county treasurer, may be removed from his office by the county treasurer's successor. The Supreme Court did not adopt Judge Shafer's opinion, but drafted its own opinion and found the county treasurer in naming the delinquent tax collector in that case "was clearly acting . . . in the appointment of a subordinate county officer, and under the constitution

the power of removal passed to his successor with the succession to his office". Therefore we think the case of Commonwealth v. Connor does not rule the instant case.

The second cited case is that of Elder et al., Commrs., v. McCaslin, County Commr., et al., 23 D. & C. 558, a Lawrence County case decided by Judge Chambers, who held the delinquent tax collector of that county was a public officer. Judge Chambers was construing the effect of the aforesaid Penalty Abatement Acts of 1935 with regard to the special Act of Assembly of April 3, 1851, P. L. 317, as amended by the Act of May 6, 1854, P. L. 600, which acts provided that a constable (normally an elected public officer) shall collect the delinquent taxes, but if no constable duly qualifies, then a collector must be appointed. Judge Chambers held the said Acts of 1935 were generally constitutional, but were unconstitutional insofar as they attempted to abate the five percent penalty which constituted the compensation of the constable or collector in Lawrence County who, on the treasurer's warrant, is required to collect delinquent taxes. In our opinion, under the provisions of the said Acts of 1851 and 1854, no one but a public officer could act on the treasurer's warrant either to receive such "unpaid taxes" or "levy the same by distress and sale" as therein provided.

The remaining case for consideration in this connection is that of Houseman et al. v. Commonwealth, ex rel., 100 Pa. 222, wherein the Court of Common Pleas of Philadelphia County held the collector of delinquent taxes in the City of Philadelphia was a public officer. That case, however, involved the construction of a special Act of Assembly of March 24, 1870, P. L. 544, which act specifically provided that the term of the delinquent tax collector was to be for a period of three years. Hence we think the last two cited cases are not in point.

Adopting the definition of a public officer as hereinbefore set forth in the case of Wiest v. Northumberland County et al., supra, as a correct definition of the attri-

butes marking an officer as a public officer, we find, under the agreed state of facts in the instant case, that the delinquent tax collector of Allegheny County is not a public officer because his term of office is not definite, that is, it is not for a definite term and the tenure thereof is not certain, that is, is not certain during a definite term. Further adopting the reasoning of the Superior Court in its pronouncement in the said case, wherein reference is made to the opinion of Judge Gawthrop in the case of Alworth v. County of Lackawanna, 85 Pa. Superior Ct. 349, we think the delinquent tax collector of this county is not a public officer, as his fixed compensation, again under the agreed state of facts, is not paid out of the public treasury, and never reaches the county treasury, as the delinquent tax collector places his taxes and interest in the bank in his own name as delinquent tax collector of Allegheny County, Pennsylvania, and remits to the Treasurer of Allegheny County only the amount of the tax and interest thereon (but never transmits the penalty which constitutes his compensation), his said remittances being made to the county treasurer every 30 days.

In this connection we note that while the delinquent tax collector gives his own bond with sufficient surety, to insure his collection of the taxes shown on the duplicates sent to him by the county treasurer, an accounting is only expected and received from him of said taxes and the interest thereon.

Our next inquiry is as to whether or not the said Acts of May 1, 1935, and June 22, 1935, providing for the abatement of defined tax penalties and interest, repealed the Act of May 31, 1933, P. L. 1135. Neither of the two said 1935 statutes contains any repeal provision. Theretofore, the pertinent acts of assembly governing the collection of current and delinquent taxes in Allegheny County were those of May 1, 1861, P. L. 450, sec. 23, and April 8, 1864, P. L. 316. Section 4 of the said 1933 act provided: "All acts or parts of acts, general, local

or special, inconsistent with this act are hereby repealed."

We do not construe the said Acts of 1935 as repealing the provisions of the Act of 1933, but we consider them as in effect supplements to the said Act of 1933.

In Troop v. Pittsburgh, 254 Pa. 172, 182, the Supreme Court declared the status of a supplemental enactment to be as follows:

" 'When we speak of a supplemental act, we intend something added to, something new, and in legislation we mean by a supplement to an act already in force, to add to it something not contained in the original, which new and added legislation is nevertheless germane to the subject of that already in force.' "

We deem the said Acts of 1935 to be complete in themselves, their purposes, meaning and full scope being apparent on their face, and therefore valid. See Reber's Petition, 235 Pa. 622. These acts clearly were designed as remedial legislation to meet the exigencies of the current economic emergency, and require liberal construction. Said Acts of 1935 are to be short-lived by their own provisions, but during their operative life we think it was the legislative intent to abolish all penalties, including the five percent theretofore allowed by law to the delinquent tax collector as his remuneration for delinquent taxes actually collected by him, the delinquent tax collector having no lien on uncollected taxes that have become delinquent.

The abatement of the penalties in question is an abatement by the legislature of Pennsylvania, of course, through the instrumentality of the county commissioners.

The remaining question of law embracing the inquiry as to whether or not the tax-levying body of Allegheny County, the commissioners, can abate a penalty which by the aforesaid Act of 1933 is the compensation of the delinquent tax collector of this county, of necessity involves the first aforesaid question of law as to whether or not the legislature can diminish the emolument of said

delinquent tax collector. If he is not a public officer, and as above indicated we think he is not, there is no constitutional breach in this legislative abatement of this particular penalty which comprises the delinquent tax collector's compensation.

We note, historically, that the present delinquent tax collector by the provisions of the said Act of May 31, 1933, P. L. 1135, suffered a decrease in the emolument paid him. Under the original Act of May 1, 1861, P. L. 450, sec. 23, the commission of the delinquent tax collector in this county was set at five percent. The amount of the emolument for said delinquent tax collector was increased under the provisions of the Act of April 8, 1864, P. L. 316. Then again under the provisions of the aforesaid Act of May 31, 1933, P. L. 1135, the delinquent tax collector's compensation was reduced to five percent. When this latter act became operative the present delinquent tax collector held the said position.

If the said Acts of 1935 were to attempt completely to abate the five percent penalty which comprises the compensation of the delinquent tax collector, of course, the same would be unreasonable and unenforcible, as no person could, in reason, be compelled to serve in said capacity and furnish his own clerks, without compensation.

However, it appears that for taxables to obtain the benefit sought to be accorded them under the provisions of the said Acts of 1935, the current year's taxes must be paid before September 1, 1935, and 20 percent of delinquent taxes for the years 1933 and 1934 must be paid before November 1, 1935, with the payment of 20 percent annually before November 1st of each succeeding year, for a period of five years.

*Order*

And now, to wit, August 24, 1935, upon consideration of the foregoing case, it is ordered and decreed that C. C. McGovern, C. M. Barr and W. D. Mansfield, County

Commissioners of Allegheny County, Pennsylvania, abate the penalties imposed by John Brown, Jr., county delinquent tax collector, on the county taxes assessed against the real estate of Arthur M. Grossman, Ruth G. Mendelsohn, Grace A. Grossman and Esther G. DeGroote, situate at and known as 5648 Marlboro Street, fourteenth ward, Pittsburgh, Allegheny County, Pennsylvania, for the years 1933 and 1934, and issue an order to the said John Brown, Jr., delinquent tax collector, as aforesaid, to abate all of the aforesaid penalties, provided all of the terms of the acts of assembly enacted and approved May 1, 1935, and June 22, 1935, are complied with by the said Arthur M. Grossman, Ruth G. Mendelsohn, Grace A. Grossman and Esther G. DeGroote. It is further ordered and decreed that the aforesaid county commissioners issue to the said John Brown, Jr., as delinquent tax collector, a proper certificate showing that the said penalties have been abated, and that they direct the said John Brown, Jr., as delinquent tax collector, to accept in full payment for the aforesaid taxes for the years 1933 and 1934 the originally assessed amount of $165.90, the total of the original Allegheny County tax assessments for the years 1933 and 1934, without penalty or interest.