## Noel v. Adams County

*Richard A. Brown*, for plaintiff.
*J. Donald Swope*, for defendant.

SHEELY, P. J., October 18, 1937.—This is a petition for a declaratory judgment decreeing the rights and status of plaintiff, under sections 1207 and 1822 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333. All the facts alleged in the petition are admitted by defendant; the sole question raised is a question of law.

Plaintiff was duly elected constable of the Second Ward of the Borough of Gettysburg on November 5, 1935, for a term of three years. At the time of his election section 111 of the Act of July 2, 1839, P. L. 519, 25 PS §1922, was in effect, and imposed upon all constables the duty to be present at elections for the purpose of preserving peace thereat. The Act of July 20, 1917, P. L. 1158, as amended by the Act of May 23, 1919, P. L. 274, 13 PS §61, was also then in effect, and provided that a constable should charge and receive the sum of $5 for attending

elections, and allowed the same sum to a deputy constable serving in a ward or township in which there are more than one election precinct.

By the Election Code of June 3, 1937, the Act of July 2, 1839, was repealed absolutely, and the Act of July 20, 1917, was repealed insofar as it relates to fees to be charged and received by constables for attending elections. Section 1207 of the Election Code of 1937, however, required the constable of each district to be present at the polling place at each primary and election for the purpose of preserving the peace, and provided that he should serve at all elections without compensation. Section 1822 of the code made it a misdemeanor for a constable to neglect to perform the duties required of him by the code. The effect of the code is to continue the duty of constables to attend elections as theretofore, but without receiving the compensation theretofore allowed for such service.

Plaintiff contends that this is violative of section 13, art. III, of the Constitution of Pennsylvania, which prohibits the increase or diminution of salary or emoluments of any public officer after his election or appointment.

The question presented involves the determination of the constitutionality of a statute and the rights of public officials thereunder. It is therefore a proper subject for a declaratory judgment: Taylor v. Haverford Twp., 299 Pa. 402 (1930). The county commissioners have received similar claims from a number of constables, and for the purpose of clarifying the situation and eliminating the possibility of a number of suits against the commissioners the court has taken jurisdiction of the question in this form. The Attorney General of the Commonwealth has been notified of the constitutional question involved and has consented to the hearing at this time.

A public officer, under section 13, art. III, of the Constitution, is one chosen for a definite tenure as provided by law, whose duties are to be exercised for the benefit of the public for a stipulated compensation to be paid

by the public, and whose duties, powers, and emoluments become vested in a successor when the office becomes vacant: Commonwealth ex rel. v. Moffitt, 238 Pa. 255 (1913) ; Tucker's Appeal, 271 Pa. 462 (1921). A constable has been held to be a public officer within this section: Commonwealth v. Kromer, 4 Pa. C. C. 241 (1887) ; Rupert v. Chester County, 13 Pa. C. C. 342 (1893) ; Gessner v. County of Lehigh, 6 Leh. L. J. 129 (1914) ; see also Edwards v. McLean, 23 Pa. Superior Ct. 43 (1903). Compensation for the service of a constable must be measured by the law in effect prior to his election: Evans v. Lloyd, Controller, 11 Luz. L. R. Rep. 75 (1902). The word "emolument" as used in this section imports any advantage, profit, or gain arising from the possession of an office: Apple v. County of Crawford, 105 Pa. 300 (1884).

It follows, therefore, that the Election Code of 1937 is ineffective to require plaintiff, who was elected prior to its enactment, to serve at elections without compensation, and that plaintiff is entitled to receive compensation for such services at the rate prescribed by the Act of July 20, 1917, which was in force at the time of his election.

And now, October 18, 1937, it is ordered and decreed that plaintiff is entitled to receive compensation for his services as constable at elections at the rate prescribed by the Act of July 20, 1917, P. L. 1158, and it is ordered and decreed that judgment be entered in favor of plaintiff and against defendant for the sum of $5.

NOTE.—See Strunk v. Hershey et al., 30 D. & C. 396.