## Kauffman v. Union County

*William L. Showers*, for petitioner.
*H. M. Showalter*, for respondent.

LESHER, P. J., November 16, 1937.—This is a petition for a declaratory judgment. All the facts are agreed upon, and the sole question raised is a question of law and is, therefore, a proper subject for a declaratory judgment.

William S. Kauffman, the above-named plaintiff, was duly elected constable of the west ward of the Borough of Lewisburg, Union County, Pa., on November 5, 1935, for the term of four years, the said term beginning January 1, 1936, and, on January 1, 1936, accepted the said office and assumed the duties of constable of the west ward.

Kauffman was serving as constable of the west ward on the day of the primary election, September 14, 1937, and on the day of the general election, November 2, 1937, and was present at the polling place of the ward during the continuance of the primary election and the general election on September 14, 1937, and November 2, 1937, respectively, and until the votes cast on said days were duly computed, for the purpose of keeping peace and performing such other duties as are incumbent upon constables at elections.

Kauffman presented his bill for his services to the County Commissioners of Union County for $5 for attending the primary election, and for $5 for attending the general election, a total of $10. The county commissioners refused to pay the bill and gave as their authority for said refusal the Pennsylvania Election Code of June 3, 1937, P. L. 1333, sec. 1207, which provides:

"The constable of each [district] shall be present at the polling place . . . at each primary and election . . .

for the purpose of preserving the peace, and shall serve at all elections without compensation."

The effect of the code is to continue the duty of constables to attend elections as theretofore, but it provides that they shall receive no compensation for such service. Plaintiff contends that it is a violation of section 13, art. III, of the Constitution of the State of Pennsylvania, which provides that the salary or emolument of public officers shall neither be increased or diminished after their election or appointment.

The first question is whether or not a constable is a public officer under section 13, art. III, of the Constitution. A constable has been held to be a public officer within the meaning of the Constitution: Commonwealth v. Kromer, 4 Pa. C. C. 241; Rupert v. Chester County, 13 Pa. C. C. 342; Edward v. McLean, 23 Pa. Superior Ct. 43.

We are of the opinion that a constable is a public officer within the meaning of the Constitution: Evans v. Lloyd, Controller, 11 Luz. L. R. Rep. 75.

We are, therefore, of the opinion that the code is ineffective to require plaintiff, who was elected prior to its enactment, to serve at said elections without compensation; and that he is entitled to receive compensation for such services at the rate prescribed by the Act of July 20, 1917, P. L. 1158, as amended by the Act of May 23, 1919, P. L. 274, which provides that constables shall receive the sum of $5 for attending elections.

And now, November 16, 1937, it is ordered, adjudged, and decreed that William S. Kauffman, plaintiff, is entitled to receive compensation for his services as constable at the primary election held September 14, 1937, and at the general election held November 2, 1937, at the per diem rate of $5 for each election, and it is further ordered and decreed that judgment be entered in favor of plaintiff, William S. Kauffman, and against defendant, the County of Union, for the sum of $10.