## County Liquid Fuels Tax Fund

KANE, *Attorney General,* February 24, 1975— You have asked the question as to whether that portion of the salary of a county engineer attributable to his work in connection with the construction, reconstruction, maintenance and repair of roads,

highways and bridges may be paid from the County Liquid Fuels Tax Fund. It is our conclusion, and you are so advised, that such an expenditure would be proper.

The Liquid Fuels Tax Fund was created in order to assist counties in the construction and maintenance of public highways, bridges and similar such structures. The fund was provided for in article IX, section 18 of the old Pennsylvania Constitution, and now is contained in article VIII, section 11. This section provides that proceeds from the fund are to be used:

". . . solely for construction, reconstruction, maintenance and repair of and safety on public highways and bridges and air navigation facilities and *costs and expenses incident thereto.*" (Emphasis added.)

The italicized section was added in the Constitution of 1968. The county engineer's services attributable to roads, highways and bridges fall into the category of costs and expenses incident thereto. The question remains, however, as to whether that portion of the county engineer's time which is spent on such services may be paid for out of the Liquid Fuels Tax Fund.

In Attorney General's opinion no. 235, dated February 16, 1961, we concluded that public officers whose salaries came out of the county treasury could not be reimbursed from the fund. That opinion dealt with the reimbursement of the county board of viewers in connection with the condemnation of land for highways. The board of viewers at the time were appointed by the court of common pleas to serve for a fixed term, and the compensation of the board was paid from the county treasury: Act of August 9, 1955, P.L. 323, secs. 1101, et seq.,

16 PS §§1101, et seq. Since the members of the board were public officers whose salaries were paid from the county treasury, the Attorney General in opinion 235, rules that the Liquid Fuels Tax Fund could not be used to pay any portion of the board members' compensation.[1] The issue which we have been asked to resolve by this opinion is whether a county engineer is a public officer as contemplated in Attorney General's opinion no. 235 of 1961.

In determining who is, and who is not, a public officer, the following standard was set down by our Superior Court in Alworth v. County of Lackawanna, 85 Pa. Superior Ct. 349, 352 (1925):

"If the officer is chosen by the electorate, or appointed, for a definite and certain tenure in the manner provided by law to an office whose duties are of a grave and important character, involving some of the functions of government, and are to be exercised for the benefit of the public for a fixed compensation paid out of the public treasury, it is safe to say that the incumbent is a public officer within the meaning of the constitutional provisions in question . . ."

More recently, the Pennsylvania Supreme Court cited the Alworth case, supra, in support of its conclusion that county solicitors are not public officers. In Commonwealth ex rel. Foreman v. Hampson, 393 Pa. 467 (1958), the court noted that a public officer is one "'upon whom grave and important duties are imposed for a fixed term, and who, for the

---

1. Subsequently, the Liquid Fuels Tax Act has been amended to provide for such payment: Act of May 21, 1931, P.L. 149, sec. 10, as amended by the Act of May 20, 1963, P.L. 43, sec. 1, 72 PS §2611j.

proper performance of the same, have, during the term of their election or appointment, delegated to them some of the functions of government.'" It went on to say that "'an office is a public one within the meaning of the constitution if the holder of it exercises grave public functions and is clothed at the time being with some of the powers of sovereignty.'"

The county engineer does not have a definite tenure, but rather serves at the discretion of the county commissioners. This is evidenced by the language of the statute authorizing his appointment:

"The county commissioners of any county may appoint a professional engineer in civil engineering, who shall be styled the county engineer. *Such engineer shall serve at the pleasure of the commissioners.*": Act of August 9, 1955, P.L. 323 sec. 1002, renumbered sec. 1001 by Act of November 26, 1968, P.L. 1099 (no. 341), sec. 2, 16 PS §1001. (Emphasis added.)

No functions of government are delegated to him. Nor does he exercise any powers of sovereignty. He is, in effect, an employe of the county whose duty it is to advise the county on engineering matters. This contrasts sharply with that of the board of viewers which was dealt with in Attorney Generals's opinion no. 235 of 1961. There, the board members were appointed by the court of common pleas for a fixed term, and there were provisions for filling vacancies on the board: Act of August 9, 1955, P.L. 323, secs. 1101, et seq., 16 PS §§1101, et seq. Under those circumstances, we concluded that the board members were public officers. Given the circumstances herein described, we conclude that county engineers are not public officers as con-

templated by Attorney General's opinion no. 235 of 1961.

It is our conclusion, therefore, and you are so advised, that a county engineer is not a public officer, and that the Liquid Fuels Tax Fund may be used to pay that portion of the county engineer's salary which is attributable or incidental to the "construction, reconstruction, maintenance and repair of and safety on public highways and bridges and air navigation facilities."